## SAMUEL DAUCHY *v.* FRANKLIN V. GOODRICH.

Where the issue, in a suit upon trial, is joined to the county court, the judgment of the court for the defendant is to be considered conclusive in his favor of all matters of fact there litigated.

Where certain of the creditors of a debtor signed an instrument in writing, by which they agreed to accept twenty-five *per cent.* in full discharge of their debts, provided all the other creditors assented to the arrangement, and provided the debtor furnished the requisite security within three months, and it appeared, that one creditor refused to sign the agreement and subsequently collected his debt in full, but the plaintiff, who was a creditor and signed the agreement, received from the debtor the requisite security and gave a discharge of his claim, it was held, in the absence of all proof of fraud on the part of the debtor, that the plaintiff must be considered as having waived the condition in reference to the other creditors, and that the discharge given by him was a bar to an action upon his original claim.

ASSUMPSIT upon a promissory note for $56,10, dated June 16, 1841. Plea, the general issue, and trial by the court, September Term, 1846,—ROYCE, J., presiding.

On trial the plaintiff gave in evidence the note declared upon. The defendant then gave in evidence an agreement, signed by the plaintiff and others, and dated May 2, 1844, which was in these words,—" We, the creditors of F. V. Goodrich and J. A. ' Van Duzee & Co., hereby agree, if said Goodrich secure us twenty- ' five *per cent.* of our debts, payable in nine and eighteen months, we 'will discharge them, provided all the creditors agree to the same, and ' provided he does the same within three months ;"—also, a writing

signed by Smalley, Adams and Hoyt, dated August 1, 1844, which was in these words,—"Received of Franklin V. Goodrich a note 'dated June 16, 1844, for $28,59, payable in twelve months, with 'interest, to Samuel Dauchy, it being in discharge of one note, upon 'which is due $66,17, in the hands of Smalley, Adams & Hoyt, 'one of $48,16, which is in the hands of said Dauchy. If said 'Dauchy refuses to give up said $48,00 note, this note to be given 'up to Goodrich. The above [note for $28,59] signed by F. V. 'Goodrich and Joseph & Wm. H. Blake;" also, a letter from the plaintiff to Smalley, Adams & Hoyt, dated May 9, 1845, in which he acknowledged payment of the note for $28,59, received upon the composition, and directed them to surrender the note;—and it appeared, that the note, described in the discharge as amounting to $66,17, was the note now in suit.

The plaintiff then proved, that Messrs. Weed & Thurman, creditors of the defendant, in Troy, who had no security for their claim, were requested to sign the agreement for composition, and refused to do so, and had subsequently, in the spring of 1845, received from the defendant the full amount of their debt. He also proved, that the composition note for $28,59 was taken of the defendant by Smalley, Adams & Hoyt, while they were compromising, upon the like terms, and by direction of their other employers, divers other demands against the defendant; but that the plaintiff was not present, and had not communicated with the attorneys upon the subject of the compromise; and that on that occasion the defendant repeatedly said to Smalley, Adams & Hoyt, that all his southern creditors, who had not security by mortgage, or otherwise, had agreed to those terms of arrangement. The plaintiff also proved, that the note in suit was taken of the defendant by Smalley & Adams, as attorneys for the plaintiff, on settlement of certain demands previously in their hands for collection, against the defendant, on which costs had accrued to the amount of $15 to $25, and which were included in that note; and that, when the note for $28,59 was taken, upon the agreement for composition, those previous costs were not known to Mr. Hoyt, who transacted the business with the defendant, and were not paid; but the costs and trouble incurred by the firm of Smalley, Adams & Hoyt were then paid by the defendant. It appeared, that when the defendant called upon Smalley, Adams &

Hoyt with the plaintiff's letter of May 9, 1844, having in his possession the note for $48,16, he requested that the note in suit, which had remained in the hands of Smalley, Adams & Hoyt, and the note for $28,59 might be surrendered to him ; but that they declined to give them up, insisting that the previous costs should be paid ; and it appeared, that the plaintiff approved of this course, and directed this suit to be commenced.

Upon these facts, the plaintiff contended, that he was entitled to recover, on the ground that the compromise was not binding on him for want of consideration, that it was procured by fraud and misrepresentation on the part of the defendant, and that the previous costs, above mentioned, should have been paid, in order to render the compromise valid.    But the court considered, that none of these objections were supported, and rendered judgment for the defendant.    Exceptions by plaintiff.

*Smalley* and *Beckwith* for plaintiff.

The composition between the plaintiff and defendant is void, and cannot preclude the plaintiff from recovering the balance of his debt.    The agreement between the defendant and his creditors was only to be binding, upon the assent of all of them to its terms. The defendant represented to Messrs. Smalley, Adams and Hoyt, the plaintiff's attorneys ; that all his creditors, who had not security, had agreed to the terms therein proposed ; and, upon the faith of these representations, the composition was made and the composition note taken.    It appeared that Messrs. Weed & Thurman, creditors of the defendant, who had no security, had expressly refused to accede to the terms of the arrangement, that the defendant made the representations to the plaintiff's attorney, knowing of such express refusal, and that since that time he had paid Messrs. Weed & Thurman their debt in full.    This is such a fraud on the plaintiff, as will avoid the composition.    Forsyth on Composition 26–38, 58–64. *Spooner* v. *Whiston*, 8 J. B. Moore 580, [17 E. C. L. 112.] *Lewis* v. *Jones*, 4 B. & C. 506, [10 E. C. L. 393.]    Chit. on Cont., 10th Ed., 686.    2 Saund. R. 137 *l. Cooling* v. *Noyes*, 6 T. R. 263.

17

---

Dauchy *v.* Goodrich.

---

*N. L. Whittemore* for defendant.

It is a sufficient consideration for the plaintiff's discharge, that the defendant procured sureties upon the composition note, and that other creditors were induced to compound upon like terms. 11 East 390. 2 Camp. 124, 383. 1 Esp. R. 236. 3 Camp. 175. Upon the ground of accord and satisfaction, the defendant is entitled to recover. It is shown by the plaintiff's letter to his attorneys, that he had received payment in full, and that he directed them to surrender the composition note to the defendant. 1 Salk. 70. 2 Stark. 26.

In regard to the representations made by the defendant to Hoyt, it must be recollected, that the county court have found the fact, that the defendant, in good faith and without fraud, procured and entered into this arrangement. The decision of the court below having rebutted all implication of fraud, we are necessarily led to the conclusion, that the defendant stated the truth to Hoyt; and the inquiry then is, whether the defendant can be prejudiced in this suit, and the arrangement with all his creditors be broken up, merely because Weed & Thurman have collected their whole debt by legal process?

The plaintiff is too late, in the absence of all fraud, in making his objection. Weed & Thurman collected their debt before the defendant paid the composition note. The plaintiff should have objected to receiving the money upon that note and insisted upon payment of his whole debt.

The opinion of the court was delivered by

HALL, J. The judgment of the county court in this case being for the defendant, it is to be considered conclusive in his favor of all matters of fact there litigated. The county court have therefore found, that there was no actual fraud in the defendant, in procuring the plaintiff to enter into the composition. It is insisted, however, that the neglect of one of the defendant's creditors to enter into the composition, and his subsequent collection of his whole debt, is, as matter of law, a fraud upon the plaintiff, which entitles him to treat the whole arrangement as void.

The agreement of the creditors, in this case, is of a different character from those, which are usual in England, and to which the

Dauchy v. Goodrich.

principal authorities cited in the argument apply. There the composition is generally by deed, founded on an assignment by the debtor of his property, to which deed the creditors, the debtor and the trustees are all parties. The releases to the debtor are included in the same instrument, and the whole business of the composition is completed at the same time, except the collection and distribution of the effects by the trustees. If such deed contain a provision, that it shall be void on a failure of all the creditors to execute it, and there be such failure, it has been holden to avoid the whole composition.

The instrument signed by the creditors in this case is not, in itself, a composition with the debtor, but is an agreement for a future composition, on certain specified terms. If all the creditors signed it, and the debtor offered sufficient security, within three months, for the payment of twenty five *per cent.* of the plaintiff's original debt, the plaintiff was bound to accept it; otherwise he was at liberty to refuse to enter into the composition. But the plaintiff, if he chose, might waive either of the terms of the proposed arrangement, and make the composition without their performance. He might accept the security after the expiration of three months; or he might agree to enter into the arrangement, notwithstanding the neglect of a single creditor to come into it. In either case I apprehend the arrangement, if entered into without fraud on the part of the debtor, would be binding. The plaintiff did enter into the arrangement, by accepting the security, either with the knowledge that one of the creditors had not come into it, or at least without any fraudulent representations, on the part of the debtor, that all had done so; and under these circumstances, after the plaintiff has accepted the security and collected the amount he was to receive by the composition, I think it is too late for him to say, that it is all a nullity. To allow him to do so, would operate as a fraud upon the debtor's surety for the composition money, who must be supposed to have become a party to the arrangement on the faith that the plaintiff's debt would be discharged, and relying upon such discharge as furnishing him the means for his own indemnity.

The condition, upon which the creditors, in this case, were to accept the security and release their debts, being one which they might waive, we think the fact, that the plaintiff did accept the se-

curity and give the discharge, is, in the absence of all fraud in the debtor, to be considered as sufficient evidence that it was waived; that a legal fraud ought not to be predicated on the bare fact of a non-compliance of the debtor with the proviso in the original proposition, to obtain the assent of all the creditors; but that, in order to avoid the actual composition subsequently made, positive fraud in the debtor should be shown. The judgment of the county court having negatived the existence of actual fraud, the discharge, given on the receipt of the composition security, is held valid and a good defence to the note now in suit.

The judgment of the county court is affirmed.