TABITHA COBLEIGH v. EZRA PIERCE, JR.

*Debtor and Creditor. Composition of debts. Evidence. Waiver.*

Where a composition agreement between a debtor and his creditors contains a provision that all the creditors shall become parties to it, if any of the creditors do not join in it, it is void as to all.

*It seems* that if the creditor, whose signature was not procured to the contract, held security for the whole of his debt, that fact would create no exception to the above rule.

Where the debtor fails to pay or secure to a creditor, who is the party to the agreement, the stipulated percentage of his debt within the time specified therefor in the contract, the creditor may avoid such contract or agreement and insist upon payment in full.

If a creditor signs the agreement as to a part only of his debt, (such part being set down therein as his whole debt,) and that only upon the private promise of the debtor to pay him the balance in full, and the debtor has actually paid him this balance before settling with another creditor who is a party to the composition agreement, the latter would be justified in refusing to comply with the agreement, and evidence to prove these facts should be admitted.

Cobleigh *v.* Pierce.

If a creditor unqualifiedly surrenders the promissory note which he holds for his debt, and accepts the percentage of it stipulated in the composition agreement, after the expiration of the time limited therein for its payment by the debtor, or with knowledge that all the creditors have not joined in the contract as provided by its terms, or that one of the creditors had signed it as to a part only of his debt, under such circumstances as to amount to a fraud on the other creditors who are parties to it, such surrender and acceptance will operate as a waiver of the right of the creditor, so receiving the stipulated portion of his debt, to avoid the agreement on either of those grounds respectively, and he cannot afterwards avail himself of that right for any purpose.

The plaintiff's evidence tended to show that when she, being one of the creditors and a party to the composition agreement, received from the debtor an amount of money equal to the stipulated percentage of her debt, and delivered to him the promissory note evidencing the debt, she declined to surrender it except upon a promise made by the debtor to pay or secure the balance of the note in full, which promise he accordingly made. *Held,* that this evidence was admissible upon the question of waiver, and that it was a question of fact for the jury to determine, whether she had waived her right in the premises to refuse to carry out the composition agreement.

ASSUMPSIT. Plea, the general issue and trial by jury at the April Term, 1859,—REDFIELD, Ch. J., presiding.

The evidence on the part of the plaintiff tended to prove that on the 14th day of November, 1856, she held a promissory note against the defendant, upon which there was due at that time the sum of four hundred and eighty-one dollars and thirteen cents; that on that day the defendant desired to obtain the note, and promised the plaintiff in consideration that she would deliver it to him, to pay her thereupon the sum of one hundred and twenty dollars and twenty-eight cents in cash, and to pay or secure to her the balance, three hundred and sixty dollars and eighty-five cents within six months; that she received said sum of one hundred and twenty dollars and twenty-eight cents from the defendant and permitted him to take the note, and that at the expiration of the six months she called upon him to pay or secure to her the balance of the note, according to his promise, which he refused to do.

The defendant testified that on the 30th of September, 1856, he suffered loss by fire and thereupon became unable to pay his creditors in full; that on the 7th of October, 1856, with a view

of compounding his debts, he procured the agreement hereinafter recited, to be signed by his creditors, including the plaintiff, and that within six months from the date of the agreement, he paid in money to each of his creditors who had signed it, including the plaintiff, the sum of twenty-five cents on the dollar of the amount of their respective debts.

The defendant admitted, upon cross-examination, that at the time the agreement is dated, he was indebted to the Rutland and Burlington railroad company in about the sum of twenty dollars for freight upon salt and other goods, which came a few days before the fire to their depot at Chester, where the salt was retained until the following June, but no other goods remained, and the company did not assert any lien upon the salt for the freight; that he recollected this debt at the time he procured the signatures to the agreement; that he did not request the railroad company to sign the agreement, and it was not signed by them; and that he had since paid this debt in full. He also testified that there were other creditors for some very small amounts, not in his mind at the time, who did not sign, and whom he did not request to sign, the agreement.

The defendant further testified that at the time of the fire he was indebted to one Burton, for goods bought of him, in a sum exceeding eight hundred dollars, besides a debt on bock of about fifteen dollars; that the day after the fire he paid or secured to Burton about six hundred dollars thereof, and agreed to pay him the residue except two hundred dollars; that Burton signed the agreement above mentioned, and that at the time of his signing, on looking over their matters, they found that he owed Burton for goods the sum of two hundred and twenty-six dollars and fifty cents, besides the fifteen dollars on book, and that he then agreed to pay the fifteen dollars on book, and twenty-six dollars and fifty cents of the two hundred and twenty-six dollars and fifty cents, in full, and with that understanding Burton signed the agreement so far as related to two hundred dollars of the indebtedness, which sum was entered against his name therein; that he has since paid Burton twenty-five per cent. of the two hundred dollars, and the twenty-six dollars and fifty cents in full, and a part of the fifteen dollars on book, which last two sums were paid

previous to the surrender to the defendant of his note by the plaintiff.

The plaintiff had no knowledge, either at the time she signed the agreement or when she received the one hundred and twenty dollars and twenty-eight cents before mentioned from the defendant, of the debt to the railroad company nor of the promise made by the defendant to Burton, nor the payment to him in accordance therewith, but some of the other creditors did know of this promise to Burton when they signed the agreement.

The defendant offered in evidence the agreement referred to above, which was as follows:

" The undersigned, creditors of Ezra Pierce, Jr., of South Windham, Vt., in consideration of his recent loss by fire, which renders him unable to pay the full amount due from him to his creditors, hereby agree to settle our several claims for the sum of twenty-five cents on the dollar, payable in six months from date with satisfactory security, which shall be in full release of all demands against him to date. Provided that all the creditors of said Pierce shall become parties to this obligation, and the same shall be settled within thirty days from date. Windham, October 7th, 1856."

The plaintiff objected to its reception upon the grounds that it was without consideration; that it was not signed by all the defendant's creditors, and because of the agreement, fraudulent as to her, between the defendant and Burton, as to all that part of Burton's debt which exceeded the sum of two hundred dollars. But the court held it valid and operative as a composition agreement, and the plaintiff excepted.

The plaintiff then offered to prove that at the time Burton signed the agreement, and to induce him to sign it, the defendant promised to pay him the full amount of the two hundred dollars, above mentioned, and that Burton did thereupon sign the agreement, and that she, the plaintiff, had no knowledge of this fact when she signed the agreement, nor when she received the one hundred and twenty dollars and twenty-eight cents. To this the defendant objected, the court excluded it, and the plaintiff excepted.

---

Cobleigh v. Pierce.

---

The plaintiff also offered to prove that when the defendant paid her the one hundred and twenty dollars and twenty-eight cents, she declined to deliver the note to him, and claimed to hold it for the residue of its amount; that to induce her to surrender it he promised to pay her the balance of it, and she, relying upon this promise, delivered it to him to enable him, as he then proposed, to show it to his Boston creditors, and that he then tore his signature from the note. This was objected to by the defendant, excluded by the court, and the plaintiff excepted.

The court intimated to the counsel for the plaintiff how they would charge the jury, viz : that the agreement, if intended and understood by all the parties to it, and the plaintiff and defendant among them, as a composition and final settlement of all the defendant's debts, was a valid contract, and constituted a legal bar to the plaintiff's claim, after being carried into effect according to its terms ; and that the plaintiff, after having become a party to the paper, received her dividend under it and surrendered her note to the defendant, was bound by it, and that any promise of the defendant to the plaintiff, or to Burton, to pay the whole of their debts, in the manner stated above, would be a fraud upon the other signers if kept from their knowledge, and consequently no action could be maintained upon it; that the omission of the railroad debt, under the circumstances, or of the amount due Burton, above the two hundred dollars, or of such trifling debts as were not in the defendant's memory at the time, would not invalidate the legal effect of the compromise, nor would any of the other testimony in the case have that effect.

Thereupon the plaintiff's counsel submitted to a verdict for the defendant, with leave to except to the foregoing decisions of the court, and to the foregoing as the charge of the court in the case.

*Stoughton & Grant* and *P. T. Washburn*, for the plaintiff.

*Butler & Wheeler* and *A. Stoddard*, for the defendant.

PIERPOINT, J. It appears from the bill of exceptions that the defendant entered into an agreement with his creditors, the plaintiff among the number, to the effect that the defendant would

Cobleigh *v.* Pierce.

settle the claims of the several creditors at twenty-five cents on the dollar, payable in six months from the date of the agreement, with satisfactory security therefor, which the creditors agreed to accept in full of their claims, provided *all the creditors* should become parties to the obligation, and the same be settled within *thirty days* from said date. This agreement was in writing, dated October 7th, 1856, and signed by most of the creditors, the plaintiff being one.

It also appears that on the 14th of November, 1856, the defendant agreed to pay the plaintiff, and did then pay her, on her debt against the defendant, the sum of one hundred and twenty dollars and twenty-eight cents, being twenty-five cents on the dollar of the whole debt, and also agreed to pay or secure to her the balance due on her debt, if she would deliver to him the note she held against him for such debt, and that she received the said one hundred and twenty dollars and twenty-eight cents on said note, and permitted the defendant to take the said note. The defendant has not paid the balance of said note, and the present action is brought to recover the remainder.

The plaintiff claims that she is not bound by the agreement entered into on the 7th of October, on the ground that all the creditors of the defendant did not become parties to it, according to the express terms of it.

The case shows that the defendant was indebted to the Rutland & Burlington railroad company in about the sum of twenty dollars which he thought of at the time he procured the signatures of his other creditors, but that he did not request or procure the signature of said company. Also that he was indebted to other creditors for very small amounts, that were not in his mind at the time, and that such creditors did not sign the agreement.

The agreement is explicit in its terms, that *all* the creditors shall become parties to it, and it is upon that condition only, that it is to become binding upon those who do sign it. It is conceded that the railroad company was a creditor of the defendant, but it is said that the failure of the defendant to obtain the signature of the company cannot have the effect to invalidate the agreement, inasmuch as the company had a lien upon property of the defendant in their hands for the payment of this

Cobleigh v. Pierce.

debt. On examining the minutes of the judge who presided at the trial below, and which are made a part of the case, it appears that the company had no lien for the security of a part of this debt, and did not assert a lien for the other part of it, so that this argument fails ; but even if it were true that the company had a lien on the property for the whole debt, would that vary the case ? They are none the less creditors for that, and are equally included in the *terms* of the agreement. The defendant, it is true, might have more difficulty in procuring their signature for that reason, but that is a risk he took upon himself when he made the contract. If he would have avoided such difficulty he should have made known the facts to his creditors, and inserted in his agreement an exception of such creditors as held security for their debts ; in that case the other creditors would have had an opportunity to determine for themselves whether or not they would become parties to the arrangement. Possibly they might all have done so, but for this court to add so important an exception to the contract by construction, when the language used is so explicit and the agreement so free from all doubt and uncertainty, either on the face of it, or arising from any extraneous circumstances, would be carrying the doctrine of construction to a point where it would be difficult to sustain it by authority or sound reason, especially where there is no evidence tending to show that any one of the creditors, at the time they signed the agreement, knew of any such reason why such an exception should be made.

If, then, this contract is to be understood to mean what it says, what effect is the failure of the defendant to procure the signature of the company, to have upon the validity of this contract as between these parties ?

The rule is well settled that where contracts of this character contain a stipulation that all the creditors shall become parties to it, if any of the creditors do not join in it, the contract is void as to all.

This is fully sustained by the authorities cited by the counsel for the plaintiff, and is recognized in the case of *Dauchy* v. *Goodrich*, 20 Vt. 127. This being so, we think the plaintiff had the right to refuse to carry out the agreement, and to insist upon the full amount due on the note.

We think she had the right also to repudiate this agreement on the ground that the business was not settled, either by giving satisfactory security or for the payment within six months, or by paying the money within thirty days from the date of the agreement. This doctrine is recognized in *Spooner* v. *Whiston*, 17 E. C. L. 547.

We think also that the alleged transaction between the defendant and Burton, if true, as the plaintiff offered to prove, was such as fully to justify the plaintiff in refusing to carry out the arrangement. Burton's debt was two hundred and forty-one dollars and fifty cents; he signed the agreement only as to two hundred dollars of that debt, and this the plaintiff offered to show, he did only on the terms that the defendant would agree to pay him not only the forty-one dollars and fifty cents, but also the whole of the remaining two hundred dollars. Under this arrangement it is true that Burton could claim only the twenty-five per cent. on the two hundred dollars, and could not enforce the agreement to pay the balance in full, as such agreement was a fraud on the other creditors, and void. Still before the defendant attempted to arrange the matter with the plaintiff, as stated in the bill of exceptions, the defendant had in fact paid to Burton the whole of the forty-one dollars and fifty cents, so that he was receiving a much larger dividend on his debt than the other creditors. This fraud was thus consummated and would as fully justify the plaintiff in refusing to comply with the agreement as though the money for this balance had been *paid* to Burton in the first place, to induce him to sign the agreement.

The testimony offered tending to prove these facts should have been admitted.

But it is said, conceding all this to be so, and that the plaintiff had the right to treat the arrangement as no longer binding upon her, still she has not availed herself of this right, but has waived it, and received the stipulated portion of her debt, and surrendered the note.

That a creditor under such circumstances may waive this right, is conceded; if it is waived, the party cannot afterwards avail himself of it for any purpose. This is fully established in this State, in the case of *Dauchy* v. *Goodrich*, above referred to.

The question then arises, did the plaintiff waive this right, which we have already seen she possessed. This would seem to be a question of fact to be determined by the jury, and one which the county court could not properly determine, except upon a conceded state of facts, and then only as a matter of law arising upon such facts. Indeed the county court did not pass upon this question. They put the case upon the ground that the testimony was not sufficient to show that the plaintiff had the right to avoid the agreement. Of course there was nothing to waive, and this question could not arise. We having taken a different view of the subject, and established her right, there seems to be no other ground that can be made available to defeat that right, except that of waiver. And unless we can see from the case as it is made up, that the undisputed facts are such as amount to a waiver, as a matter of law, the case must be remanded.

An unqualified acceptance of the money, and surrender of the note, after the expiration of the thirty days, would undoubtedly be a waiver of the right to object on that ground, as the transaction could not have taken place without her knowing that the agreement in this respect had not been complied with ; and, if having this knowledge, she voluntarily executes the agreement on her part, she would be bound by it. So too, if she knew that the creditors had not all signed the agreement, or knew of the transaction between the defendant and Burton. But it is not quite obvious on what ground it can be claimed that she waived her right founded on the existence of these facts, unless she knew of them and the rights resulting from them. But the case shows that she had no knowledge of those facts. If it did appear that she had knowledge of the facts, it does not appear conclusively that when she received the money, and delivered the note to the defendant, she did it in pursuance of the agreement, intending to carry it out, and to waive all objection to it. But on the contrary, the plaintiff's evidence tended to prove that when she received the money, and delivered the note, it was upon an express agreement that the whole should be paid. Taking this, in connection with the offer of the plaintiff to show, that on payment of the money, she declined to deliver the note to the defendant, but claimed to hold it for the residue of its amount, and that she

Cobleigh *v.* Pierce.

allowed him to take it only to show to his Boston creditors, and upon his express promise to pay her the balance, (which evidence is clearly admissible upon this question of waiver,) and it is perfectly clear that the subject is one for the determination of the jury alone.

Judgment reversed and case remanded.