## Case No. 7,831.

### KINSING'S ASSIGNEE v. BARTHOLEW et al.

[1 Dill. 156;[1] 14 Int. Rev. Rec. 94; 5 West. Jur. 448.]

Circuit Court, E. D. Missouri. 1871.

BANKRUPTCY—CONSTRUCTION AND EFFECT OF COMPOSITION AGREEMENT.

A provision in a composition agreement that "it is not to be binding on any one unless agreed to and signed by all of the creditors," applies to secured as well as unsecured creditors: and where this provision is not waived and the composition agreement is not signed by all, it does not have the effect to relieve the debtor from a state of insolvency within the meaning of the bankrupt act [of 1867 (14 Stat. 517)].

Writ of error to the district court for the Eastern district of Missouri. The plaintiff [William C. Bean] is the assignee in bankruptcy of Charles S. Kinsing, who was a merchant, and the defendants were his bankers. This was an action commenced in the district court under the 35th section of the bankrupt act to recover the amount of a promissory note paid to the defendants by the bankrupts shortly before the commencement of the proceedings in bankruptcy. The note thus paid was made by Kinsing & Co., January 15, 1869, was indorsed by one Wilcox,

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

and fell due in 60 days, at which time the indorser waived notice and protest. After the note was made, and before it became due, to-wit, February 15, 1869, the makers (Kinsing & Co.) entered into a composition agreement with their creditors to pay 70 cents on the dollar, at six, twelve, and eighteen months, without interest. See Bean v. Brookmire [Case No. 1,169]. The agreement was in the usual form of such instruments, and contained this provision: "This agreement is not to be binding on any one unless agreed to and signed by all of the creditors of the firm." This agreement was known to, but was never signed by, the defendants. On the 9th day of August, 1869, Kinsing & Co. paid the abovementioned note to the defendants; on the 16th day of August, 1869, the notes of Kinsing & Co., under the compromise agreement, fell due and were not paid; on the 17th day of September, 1869, Kinsing & Co. were thrown into bankruptcy; and, in point of fact, were insolvent for months before. The district court decided in favor of the defendants on the ground that the composition agreement was binding and had the effect to relieve Kinsing & Co. from the insolvent condition in which they were when that instrument was made. To reverse this judgment the assignee prosecutes this writ of error.

E. T. Allen, for assignee.
R. H. Spencer, for defendants.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. This is an action under the 35th section of the bankrupt act, to recover back money paid, as alleged, to the defendants, by way of illegal preference. The court below, in its declaration of law, asserted the composition agreement to be binding, and was of the opinion that the extension it provided for must be "considered as relieving the debtors from a state of immediate insolvency." Aside from the compromise agreement it is clear that the payment to the defendants would be within the prohibition of the act.

The agreement contained a provision that it "is not to be binding on any one unless it shall be agreed to and signed by all of the creditors of the firm." Defendants were creditors of the firm and did not sign it or agree to it. We hold that this agreement applies to "all the creditors of the firm," secured as well as unsecured, and hence, as the defendants did not assent to or sign the same, it was not binding on any of the creditors. See Cobleigh v. Pierce, 32 Vt. 788; Paulin v. Kaighn, 3 Dutch. [27 N. J. Law] 512; Sohier v. Loring, 6 Cush. 537, 543; Spooner v. Whiston, 8 Moore, C. P. 580.

The declaration of law, therefore, was in this respect erroneous.

If all the creditors signed except the defendants, and became parties to the agree-

ment, knowing that the defendants had not signed it and would not, but notwithstanding this they entered upon and proceeded with the compromise, this might, it may be conceded, amount to a waiver of this clause of the contract, but the district court did not find or declare that there was any such waiver or any acquiescence, nor put its decision for the defendants upon this ground. See Mont. Comp. 39; Id. Append. 125; Ex parte Shaw, 1 Madd. 598; Ex parte Kilner, Buck, 104; Ex parte Lowe, 1 Glyn & J. 81; Forsyth, Comp. (American Ed. 1845) 23.

Reversed.

[See Bean v. Amsinck, Case No. 1,167; Bean v. Brookmire, Cases Nos. 1,168–1,170; Bean v. Laflin, Case No. 1,172; Brookmire v. Bean, Id. 1,942; In re Kintzing, Id. 7,833.]