HORACE B. MURCHIE and another *vs.* JAMES McINTIRE, impleaded, etc.

April 3, 1889.

**Payment of Part of Liquidated Debt.**—*Sage* v. *Valentine*, 23 Minn. 102, followed as to what constitutes an exception to the general rule that payment of a part of a liquidated and ascertained debt is not a satisfaction and discharge of the whole.

**Composition with Creditors.**—Testimony in the case examined, and *held* to justify the findings of the trial court to the effect that a valid and binding agreement was entered into between defendants and their creditors, including plaintiffs, by which the latter agreed to accept a composition of their debts in satisfaction and discharge of the whole, and that said agreement for a composition was carried out by the payment to plaintiffs of the stipulated sum.

**Same—Payment.**—There was no finding that the defendants had paid the other creditors in accordance with their agreement for a composition, although the testimony would have warranted such a finding. *Held* unnecessary.

Plaintiffs, as assignees of one Wilson Godfrey, by assignment made February 25, 1882, brought this action in the district court for Ramsey county against James and John E. McIntire, to recover an unpaid balance of an indebtedness of $10,474, for lumber sold and delivered in September and October, 1877, by Godfrey to the defend-

ants. The complaint admitted a payment of $4,000 by defendants to Godfrey, February 25, 1880, and a subsequent payment of $3,000 by defendant John E. to the plaintiffs, March 26, 1883. The defendant James McIntire, in his separate answer, pleaded, among other defences, that on February 9, 1880, Godfrey made an agreement with defendant John E. and with the Second Ave. R. R. Co., a New York corporation, whereby Godfrey, for a valuable consideration by him received, agreed to accept $4,000 in full satisfaction of the demand sued on, which sum was paid to him and by him accepted in full satisfaction February 25, 1880. This defence was controverted in the reply. The action was tried by *Simons, J.,* who ordered judgment for defendant James, the action having been dismissed as against John E. Plaintiffs appeal from an order refusing a new trial.

*T. H. Boardman* and *Cobb & Wheelwright,* for appellants.

*I. V. D. Heard,* for respondent.

COLLINS, J. The appellants' assignments of error in this case, which was tried by the court without a jury, may be fairly stated as three in number: *First,* that the court erred in a number of its rulings upon the admission or exclusion of testimony; *second,* that its findings of fact are manifestly and palpably against the evidence; *third,* that said findings are insufficient as a basis for the conclusion of law. The findings of fact complained of, and said to be obviously against the evidence, are as follows: "(1) That in the year 1879, the exact date not appearing from the evidence, at the city of New York, in the state of New York, the defendants then being unable to pay their debts in full, an agreement was made and entered into by and between the defendants and certain of their creditors, including the said Wilson Godfrey, named in the pleadings herein, in and by which it was mutually stipulated, promised, and agreed that said creditors, including said Godfrey, would accept from the defendants a certain proportion or share of their respective claims against them, including the claim upon which this action was brought, in full payment and satisfaction thereof. (2) That by the terms of said agreement the amount to be paid by the defendants to the said Wilson Godfrey, upon the claim upon which this action was brought, was the sum of $4,000. (3) That pursuant to said agreement, and in com-

pliance therewith, the defendants did, on the 25th day of February, 1880, at the said city of New York, pay to the said Wilson Godfrey the said sum of $4,000, and said Godfrey did then and there receive and accept said sum in full payment, satisfaction, and discharge of said claim upon which this action was brought." We cannot agree with the counsel for the appellants upon the proposition that the findings are not supported by the evidence. The testimony is contradictory, but there is an abundance in support of the findings of fact. The defendants had become seriously involved, through the failure of a street-railway company to meet its obligations to them arising out of contract. Their creditors had filed liens upon the railway company's property. One of the defendants—the one most interested— had through sickness become unable to attend to business, and they contemplated bankruptcy proceedings. The situation was explained to the creditors, who advised suit against the company, and also resolved to bring actions to enforce their liens. At this juncture a compromise was proposed by the company, meetings of the creditors called, and an agreement entered into whereby a committee was designated by the creditors to receive the money offered by the railway corporation in settlement, and pay it over, *pro rata*, to said creditors; all of whom, including plaintiffs,—who for some reason were to receive more than others,—consented to the compromise, and as part of the same transaction agreed to accept in full payment of their several demands against the defendants such percentage as the sum thus derived would pay,—a percentage which was well known to all. In effect, the proposition was that if defendants' creditors would accept in full settlement and payment of their claims a certain sum of money, the defendants could and would, by discounting and compromising their demands against the corporation, immediately secure and distribute the amount. The evidence fairly sustains the assertion that this proposition, satisfactory to others interested, was accepted by plaintiffs. It is conceded that it was relied upon by defendants, who scaled down their claims against the railway company; releases were obtained; suits were dismissed; those who had filed liens discharged them; the amount agreed upon in settlement was paid by the corporation to the committee; the

former absolved from further liability to defendants; and the money duly paid over,—the plaintiffs receiving a stipulated sum, which was, as before stated, more than their share.    Under these circumstances, the plaintiffs are in no position to urge that the testimony was insufficient on which to base a finding that there was a mutuality,—a stipulation between the creditors respecting the agreement for a composition; and that the creditors joined together in a settlement, whereby each accepted a part of his debt in satisfaction of the whole. There was not only an engagement of the plaintiffs (who then actually owned this claim, although a formal assignment had not been executed) with other creditors to accept a composition, which was a sufficient consideration, (*Sage* v. *Valentine*, 23 Minn. 102,) but defendants, relying upon the agreement, compromised and reduced their demand (advised so to do by these same creditors) against another party, and sacrificed a portion of it, that the money might be had to liquidate, as stipulated, the plaintiffs' debt, among others.

There is no finding that the defendants paid their other creditors, as agreed upon, and for this reason the findings are alleged to be deficient.    Such a finding is unnecessary, although the testimony would have warranted it in this instance.    The appellants' counsel have confounded this with a class of cases cited in their brief, (and to which we add *Evans* v. *Gallantine*, 57 Ind. 367; *Falconbury* v. *Kendall*, 76 Ind. 260,) in which the composition agreement relied upon and set forth in the pleading depended upon a contingency,—for instance, upon its acceptance by all or a certain number of the creditors, or upon the signing of the agreement by certain creditors, or upon the agreement being formally completed by payment within a specified period of time.    In such cases the findings should show the happening of all the events upon which the mutuality of the composition depends, or that it has been carried out substantially as contracted. The finding is that a binding agreement for a composition of defendants' debt was made between the parties, and fully performed by defendants.    The plaintiffs claimed that no such contract had been made, and on this the court found against them.    The findings are not defective under the issues made by the pleadings.    *Dauchy* v. *Goodrich*, 20 Vt. 127; *Murray* v. *Snow*, 37 Iowa, 410; *Norman* v.

*Thompson,* 4 Exch. 755. There are no merits in the many exceptions taken to the rulings of the court upon the admissibility of testimony.

Order affirmed.