*Graves, J.:
Jacobs was convicted on a charge of having obtained money of one Barts by false pretenses, and the case comes here on exceptions before judgment.
Many exceptions seem to have been taken, but much the larger portion are properly abandoned. There are some others it would be desirable to consider if the record was in better shape. Jacobs called on Barts to borrow five hundred dollars and proposed to secure him by mortgage on land owned by his wife, Mrs. Jacobs. After some talk the loan was made, but Barts retained ten dollars, by understanding, to pay his expenses in going subsequently to view the land. Mrs. Jacobs gave her mortgage, together with her note, to Barts for the money. In this negotiation, as charged in the information, Jacobs made the false representations concerning the land mortgaged. ■ It alleges that he falsely and feloniously pretended to Barts that Mrs. Jacobs was owner of lots thirty-six, thirty-eight, forty, and forty-two, in block three, in Harriet M. Clement’s subdivision of the south one-third of fifteen acres lying in a square form in the northwest corner of the northeast quarter of section twelve, in town six south, of range twelve west, according to the recorded plat; that the lots were situated within the city limits of the city of Grand Rapids; were on the street running directly from the business part of ■the city to the fair grounds near the city limits; were between *37 such fair grounds and the business portion of the city; that the lots were nicely located; were quarter-acre lots and constituting one square acre_; that they would sell at any time at from twelve hundred dollars to fifteen hundred dollars cash; were worth much more than that, and were entirely free from all incumbrance. These pretenses are afterwards alleged to have been severally false. On the opening of the trial it was objected that the information set up no offense. The ground of the objection was not explained. But at a later stage of the trial the reason for the objection was stated to *be, that the information did not state in words that Barts relied on the representations. The objection is not much insisted on, and is not tenable.
The allegations in this particular are formally sufficient. It was not essential to charge in- express terms that Barts gave credit to the false pretenses. That he did so was a necessary implication from the allegation that he was induced by the representations to. part with his money. — State v. Penley, 27 Conn., 587.
The court charged that if the jury believed from the evidence that any of the pretenses charged were proved to be false and fraudulent and were part of the moving cause which induced Barts to part with his money, and that he would not have parted with it had not such false pretenses been made, they would be justified in finding him guilty.
The instruction must have been understood as assuming that each distinct pretense set up was a valid ground of charge and on which a conviction might rest if found false and fraudulent and operative in any degree on Barts to cause him to make the loan.
No instruction was given that any representation laid as a false pretense could not legally be so laid, nor any instruction that any representation laid as a pretense was unproved, or any instruction to preclude the jury from resorting to the whole evidence and finding from it that all the representations laid as pretenses were in fact made. Hence, if any representation laid as a false pretense could not be lawfully impressed with *38 that character, the jury were in effect permitted to convict upon it.
Now the alleged pretense that the lots were “nicely located,” was a distinct pretense in the information. ' But it was not such a representation as could he made the subject of criminal prosecution as a false pretense. It could not convey or be understood as conveying any definite idea at all. There is no standard for trying the accuracy of such a statement. What is a nice location to one may be far otherwise to another, and even to the mind of one using it the *expression is vague and indeterminate. No one can be supposed to accept such a representation as an assertion of the existence of some fact or circumstance sufficient to cause him to change his situation in reliance on it, and the law cannot measure or weigh people’s fancies.
The alleged representation concerning the value of the lots to be mortgaged cannot be construed as any thing beyond matter of opinion, and it is not to be supposed the expression was understood in a sense more absolute. There is no reason for implying that Barts relied upon it or was in any way or to any extent duped by it. — Bishop v. Small, 63 Me., 12; Mooney v. Miller, 102 Mass., 217; Long v. Woodman, 58 Me., 49, and cases cited. These allegations were accordingly not sufficient as grounds of charge, and it was error to allow the jury to regard them as though they were. There are several topics which would require discussion and explanation before a jury, but are hardly proper for consideration here.
The conviction must be set aside, and in case another trial is deemed expedient, no doubt the prosecution will see to it that the proceeding is quite differently shaped.
The other justices concurred.