## STATE *v.* KING.

A promise, though fraudulently made, with an intent not to perform it, is not an indictable false pretense.

A false and fraudulent pretense of being a doctor of medicine is an indictable false pretense within the statute.

A reliance of the defrauded party upon the false pretences need not be specifically alleged. The words "by means of which false and fraudulent pretences he, the said King, did then and there wrongfully obtain," etc., sufficiently allege such reliance.

INDICTMENT, for obtaining money by false pretences. The indictment charged that the respondent, at Concord, on the 12th day of January, 1892, "with force and arms, with intent to cheat and defraud one Erzemia Sawyer, did falsely and fraudulently represent to said Erzemia Sawyer that he, the said King, was a doctor of medicine, and for the sum of three dollars and fifty cents he would furnish her with medicine which he would bring the next morning, by means of which false and fraudulent pretences he, the said King, did then and there wrongfully and fraudulently obtain from the said Erzemia Sawyer the sum of three dollars and fifty cents in money; whereas, in truth and in fact, the said King was not a doctor of medicine, and did not intend to furnish her with any medicine, but on the contrary his aforesaid false statement was a contrived plan to cheat and defraud said Erzemia Sawyer, all of which the said King then and there well knew, to the great damage of the said Erzemia Sawyer, and contrary to the form of the statute," etc.

The respondent moved to quash the indictment because there was no allegation that the person alleged to be cheated and defrauded relied on the promise made by the respondent to furnish the medicine, and because his representation that he would bring it the next morning was only a promise to furnish a thing in the future, and not a representation of an existing fact.

*Daniel B. Donovan,* solicitor, for the state.

*William A. J. Giles* (with whom was *Fred H. Gould*), for the defendant.

BLODGETT, J. This proceeding is founded upon s. 1, c. 273, Pub. Stats., which provides "If any person, with intent to cheat and defraud, shall, by personating or representing another, or by means of any false pretence or false token, counterfeit letters, or other false means, wrongfully obtain any money or other property . . . he shall be fined . . . or be imprisoned" as therein specified.

Under this statute four things are necessary to constitute the offence described: First, there must be an intent to defraud; second, there must be a false pretence; third, the property of another must be wrongfully obtained; and, fourth, the false pretence must be the operative cause of its transfer.

All these things are set forth in this indictment. The fraudulent intent, the false pretences, the actual perpetration of the

fraud, and its accomplishment by means of the pretences used, are distinctly and formally charged and alleged. It is nevertheless contended by the respondent that the indictment is fatally defective upon its face, because (1) it does not aver that the owner of the property relied upon the alleged false and fraudulent pretences, and by relying upon them was defrauded, and (2) that the promise to bring the medicine the next morning was only a promise to furnish a thing in the future, and not a representation of an existing fact.

The first objection is not well taken. It is not necessary for the indictment to allege in specific words that the defrauded party relied upon the respondent's false pretences as true, and by relying upon them was defrauded. This is a matter of proof rather than of averment. The statute describes and defines the offence, and the indictment charges it against the respondent in substantially the words of the statute. This is sufficient. *State* v. *Gove*, 34 N. H. 510; *State* v. *Abbott*, 31 N. H. 434–439; *State* v. *Thornton*, 63 N. H. 114, 115. It is, however, a necessary implication from the allegation " by means of which false and fraudulent pretences he, the said King, did then and there wrongfully obtain," etc., that the owner of the property so obtained did rely upon the pretences as true, and was induced by them to part with the property, and is a sufficient allegation of the fact. *State* v. *Hurst*, 11 W. Va. 54; *People* v. *Jacobs*, 35 Mich. 36; *State* v. *Penley*, 27 Conn. 587; *Norris* v. *State*, 25 Ohio St. 217.

The second objection is well taken. A promise is not a pretence. " Both in the nature of things, and in actual adjudication, the doctrine is, that no representation of a future event, whether in the form of a promise or not, can be a pretence within the statute; for the pretence must relate either to the past or to the present." 2 Bish. Cr. L., s. 349, and authorities cited. " The essence of the offence is, that the false pretence should be of a past event, or of a fact having a present existence, and not of something to happen in the future; as a promise to do an act in the future is not sufficient " (Desty Cr. L., s. 149 *b*, *Reg.* v. *West*, 8 Cox C. C. 12);—as, for example, where A borrowed money from B on the false representation that C owed him, and that he would pay him when C paid (*State* v. *Magee*, 11 Ind. 154); or where A promised that he would pay out of the proceeds of property when it should be sold (*Glackan* v. *Com.*, 3 Met. Ky. 232); or where A promised B if he would let him have twenty dollars, he would go and work it out (*Ryan* v. *State*, 45 Ga. 128); or where A promised he would assign to B a certain note and failed to do so (*McKenzie* v. *State*, 6 Eng. Ark. 594); or where the promise is to pay for goods on delivery. *People* v. *Haynes*, 11 Wend. 557; *Com.* v. *Lincoln*, 11 Allen 233; *Com.* v. *Drew*, 19 Pick. 179, 185. So a mere promise not intended to be kept is not sufficient (*Colly* v. *State*, 55 Ala. 85); as when A induced B to deposit with him one

hundred dollars, on the false representation that he would hire B. *Ranney* v. *People*, 22 N. Y. 413. And where the pretence was made by a man to a woman that he intended to marry her on a day agreed between them, and thereby he got from her money to pay for his wedding suit which he had purchased, and for furniture which he said he was going to purchase;—this was held by all the English judges to be insufficient. *Reg.* v. *Johnston*, 2 Moody 254.

But while the respondent's promise to furnish the medicine on the next day is not the false pretence contemplated by the statute, it is only one of the false pretences set forth in the indictment. " There need be only one false pretence ; and though several such pretences are set out in an indictment, yet, if any of them is proved,—being such as truly amounts in law to a false pretence,— the indictment is sustained." 2 Bish. Cr. L., s. 347 ; *State* v. *Mills*, 17 Me. 211 ; *State* v. *Dunlap*, 24 Me. 77 ; *People* v. *Haynes*, 14 Wend. 546 ; *Reg.* v. *Hewgill*, Dears. 315—24 Eng. L. & Eq. 556 ; Whar. Prec. Ind. 241 ; 3 Ch. Cr. L. *1000 ; 3 Arch. Cr. Prac. 470–472. Such a pretence is afforded by the charge that the respondent falsely and fraudulently represented that he was a doctor of medicine, etc. Without this representation it is extremely improbable that he would have obtained the money. It was an essential fact, and apparently constituted the moving cause which induced the owner to part with her property. But if the representation was not the sole inducement, the respondent's case may still come within the statute; for all the adjudications maintain that the pretence need not have been the only inducement which operated on the mind of the party defrauded. It is sufficient if, operating either alone or with other causes, it had a controlling influence, and so, but for it, the person to whom it was addressed would not have yielded. 2 Bish. Cr. L., s. 375 ; *Reg.* v. *Jennison*, 9 Cox C. C. 158. So, too, it is sufficient if there is a false pretence of an essential fact, although coupled with false promises. Desty Cr. L., s. 149 *h.*

                              *Motion to quash denied.*

ALLEN, J., did not sit: the others concurred.