Carroll,
June, 1898.

### BARTLETT & a. *v.* WOODWORTH-MASON CO. & TR.

An agreement among creditors and with their debtor is a sufficient consideration for a promise to accept a percentage.

The delivery of a debtor's promissory note for a percentage of his indebtedness, upon an agreement with creditors that their claims should be so paid, extinguishes the original debt.

In such case, the debtor's failure to pay his note when due, in accordance with his representation at the time it was given, does not invalidate the agreement, unless the debtor had a concealed intention not to pay the note at the time the representation was made.

ASSUMPSIT. Facts agreed. In 1894, the defendants, being in failing circumstances, offered in settlement eighty per cent of their indebtedness, payable in notes upon two, four, six, and

eight months' time, and represented that they would be able to pay the notes as they became due. All their creditors agreed to this arrangement, and, as a part of the settlement, some of them having attachments upon the debtors' property released the same. The defendants did not pay the first notes when due, and the plaintiffs seek to recover their original debt.

*Frank F. Fernald*, for the plaintiffs.

*Felker & Gunnison*, for the defendants.

PEASLEE, J. The agreement among the creditors and with the debtors was a sufficient consideration for the promise to take a percentage. *Browne* v. *Stackpole*, 9 N. H. 478.

The plaintiffs claim that the acceptance of the offer was conditional,— that it was to be binding only in the event that the composition notes were paid when due; but the case finds that they agreed to take eighty per cent, payable in notes. In this state a note is not payment when there is no agreement that it shall be. *Gilman* v. *Stevens*, 63 N. H. 342; *Moore* v. *Fitz*, 59 N. H. 572, and cases cited. But this rule does not control the agreement of the parties. *Rix* v. *Insurance Co.*, 20 N. H. 198, 203. The agreement here was that the percentage was payable in notes. A debt is discharged by the delivery to the creditor of that in which it is payable, or capable of being paid, or justly entitled to be paid. *Johnson* v. *Dooley*, 65 Ark. 71. When the new notes were delivered to the creditors in accordance with the terms of the agreement, the original debt was paid.

One inducement to the new contract was the defendants' representation that they would be able to pay the new notes when due. This was not a condition of, but only an inducement to, the new contract. Unless the defendants, at the time the representation was made, had a concealed intention not to pay the notes, the contract cannot be avoided because of the representation. It is not the future result that they do not pay, but their present fraudulent intent not to pay, that renders the contract voidable at the option of the party imposed upon. *Stewart* v. *Emerson*, 52 N. H. 301. The case discloses no evidence of such fraudulent purpose, and the action upon the original debt cannot be maintained.

One of the new notes given to the plaintiffs was overdue at the time this suit was brought. If it was then held by them, they may, by filing an amendment at the trial term, have judgment for the amount due thereon.

*Case discharged.*

CLARK, C. J., did not sit: the others concurred.