Rockingham, }
Oct. 2, 1923. }

### State *v.* Conrad B. Shevlin.

A concealed intent not to keep a promise as to the respondent's future action is not a false pretence within the meaning of P. S., *c.* 273, *s.* 1.

Indictment, for obtaining goods under false pretences. Trial by jury and verdict of guilty.

The only evidence of a fraudulent pretence consisted of certain circumstances tending to prove that the defendant did not intend to keep the promise upon which he obtained a certificate of stock.

Subject to exception, the superior court, *Allen,* J., denied the defendant's motion for a directed verdict.

*Jeremy R. Waldron,* county solicitor, for the state.

*Samuel W. Emery,* for the defendant.

Peaslee, J. The defendant's motion for a directed verdict is based upon the decision in *State* v. *King,* 67 N. H. 219. It was there held that the defendant's concealed intent not to keep a promise as to his future action was not a false pretence within the meaning of the statute. A considerable number of authorities to that effect, both English and American, are cited to sustain the conclusion. Since that case was decided the question has arisen in many other jurisdictions, and in nearly all of them the same result has been reached. The cases are collected in 11 R. C. L. 831.

While a different result in this jurisdiction might be sustained in view of our decisions as to fraud on the civil side of the law (*Stewart* v. *Emerson,* 52 N. H. 301; *Bartlett* v. *Company,* 69 N. H. 316), if the question were now an open one, yet in view of the existing authority here as well as elsewhere the rule of *stare decisis* should be applied. If a change is desirable, it can easily be made by the legislature.

*Exception sustained.*

All concurred.