Hillsborough,
Dec. 5, 1933.

ABRAHAM SONABEND, *Trustee*, v. FANNIE CHARRON.

SAME v. MYRTON E. SARGENT.

SAME v. ROBERT THOMAS.

Rockingham.
Dec. 5, 1933.

SAME v. C. H. CRAIG.

SAME v. A. HOOZ & CO.

SAME v. J. C. SWEETSER.

Merrimack.
Dec. 5, 1933.

SAME v. H. (or V. E.) LEBLANC.

SAME v. C. F. STEVENS CO.

Strafford.
Dec. 5, 1933.

SAME v. NORMAN SEAVET.

SAME v. CHARLES E. CATE.

*James A. Broderick*, (by brief and orally), for the plaintiff.

*McLane, Davis & Carleton* and *Dudley Orr* (*Mr. Orr* orally), for all defendants, and *Frank C. Livingston, George I. Haselton, Marvin, Peyser, Tucker & Marvin, Ralph G. McCarthy, Chester T. Woodbury, Dennis E. Sullivan* and *F. Clyde Keefe*, for particular defendants.

ALLEN, J. The plaintiff was in the business of dealing in negotiable paper. Before he bought the acceptances given by the defendants he was introduced to the makers by a reliable person. He inquired and learned from the manufacturers of the article sold that the makers had the right to sell it exclusively in the district assigned them and he was given a favorable report regarding them. He obtained ratings of the acceptors' financial standing, had their signatures to the acceptances verified, and was furnished proof that they had received their purchases. He asked the makers if the acceptances showed the entire transaction with the acceptors and was told that they did. He "exhausted all reasonable sources of information, except in applying to the acceptors themselves."

It was error to direct a verdict for the defendants. The direction embodied a ruling that as matter of law the plaintiff's good faith could not be found. The other conditions necessary for him to be a holder in due course (P. L., c. 312, s. 52) are conceded to be met. The issue of good faith is one of fact, and it might at least be found in the plaintiff's favor. One may be a holder in due course although he is negligent and there are suspicious circumstances attending the transaction. The negligence and circumstances are of bearing, but not conclusive, upon the question of good faith. *Hallock* v. *Young*, 72 N. H. 416, 420.

The argument that the referee's ruling directing verdicts for the defendants carries a finding that the plaintiff was not a holder in due course, is unsound. While the finding was made, it was improperly

made. It rested upon the error that certain facts compelled the conclusion as matter of law.

The plaintiff's right to receive a directed verdict remains to be passed upon. He had the burden of proving that he was a holder in due course. The defendants pleaded that he was not one, and by the statute (P. L., c. 312, ss. 55, 59) the burden is placed on a holder when the instrument has been negotiated by one having a defective title, which fraud as one thing establishes. *Mechanics Savings Bank* v. *Feeney*, 79 N. H. 267, 268. The referee found that the makers did not intend to perform their agreement when it was given in connection with the acceptances. The finding is one of fraud. *Hovey* v. *Grant*, 52 N. H. 569, 580; *State* v. *Shevlin*, 81 N. H. 121, and cases cited.

The plaintiff's testimony is not attacked and the trier's right to discredit it, as in *Hallock* v. *Young, supra,* is not here a factor. Nor is the situation like one where a general verdict is to be sustained although special findings consistent with it are yet not enough to support it, as in *Spaulding* v. *Mayo*, 81 N. H. 85. The referee's findings are alone to be taken into account as disclosing and constituting all the relevant facts. The inquiry is whether the conclusion of the plaintiff's good faith must be drawn from them.

The defendants stress the claim that the plaintiff's omission to ascertain from the acceptors what their rights were, is a suspicious circumstance tending to show his bad faith. But he made inquiry of the makers and he was entitled to rely upon the information they furnished him. They had been recommended to him by reliable persons and his extensive precautions in respect to various points told him nothing to excite doubt. If he should have inquired of the acceptors, it is because he should have doubted the statement of the makers when it appears that he had no reason to do so. Such a requirement cannot be reasonably demanded.

The plaintiff's business was legitimate and was performed in a legitimate manner. To hold that a purchaser of negotiable paper is exposed to the charge of bad faith merely because he does not ask all parties to it if they have any defence, would impose a restriction upon the facilities of commerce which the general law of negotiable instruments seeks to promote. When good faith is otherwise shown, proof of it is not to be destroyed by the solitary fact that an inquiry from every party was not made.

The duty of good faith is not to extend protection to the party sought to be charged. It is only to take no unfair advantage of him.

Having signed and delivered a negotiable instrument, he must expect it to be treated as such in its incidents. Subsequent holders establish their good faith if they meet two conditions when they take title. One is that they have no notice of defects. The other is that upon notice of matters reasonably inviting inquiry proper inquiry does not disclose the defects.

The plaintiff did all that he could be asked in reason to find out about the character of his purchases. That he might have done more does not tend to show that he did not do enough, in view of all that he did do. Notice of matters tending to arouse suspicion and failure of reasonable inquiry cannot be found. The conclusion that he acted "honestly and in good faith" (*Hallock* v. *Young, supra*, 420) must be made.

The result does not conflict with the decisions in earlier cases (*Hallock* v. *Young*, 72 N. H. 416; *Mechanics Savings Bank* v. *Feeney*, 79 N. H. 267; *Security &c. Bank* v. *Porter*, 79 N. H. 344; *Ensign* v. *Christiansen*, 79 N. H. 353; *Land &c. Corporation* v. *Company*, 83 N. H. 518) relating to a holder's good faith. They were concerned with particular facts relevant to the issue. The legal principle applied in those cases and this is the same. The only difference is in the application of the principle to differing circumstances.

*Judgments for the plaintiff.*

*Woodbury, J.*, did not sit: the others concurred.