### ANDRUS BOWEN *v.* HOLLY, FIELDS & KENT.

*Assignment.    Release.    Compromise.    Agency.    Tender.*

The defendants made a general assignment of their property for the benefit of creditors, and undertook to compromise by paying twenty-five cents on the dollar, and as evidence of such compromise, as well as the *per cent.* to be paid, and of the time of payment, they drew up a paper for the creditors to sign, providing substantially that for value received * * *. of S., the receipt of which we hereby acknowledge, we, * * *, agree with S " that upon payment to us respectively, on or before February 1st, 1863, of a sum equal to twenty-five *per cent.* of our respective claims against the defendants, we will sell to S., free of all incumbrance, all our respective claims against the defendants. This instrument was signed by the plaintiff, one of the creditors, and delivered on the 15th February, 1863, fifteen days after the time therein limited for making payment had expired. S., in making the compromise, acted as the agent of the defendants, and for their exclusive benefit. When the plaintiff signed the instrument he added to his signature the words and figures, " paid February 15th, $222.87," which was the amount of his original claim, including interest to that time. But the twenty-five *per cent.* of the claim was not paid before signing, and the plaintiff declined to receive it when offered a day or two after, on the ground that the time of payment provided in said instrument had expired.

*Held,* that S. would not be at liberty, as against the defendants, to recover more of them than he had paid, or become liable to pay the plaintiff by reason of his assignment.

*Held,* that the plaintiff by executing the instrument after the time therein limited for making payment had expired, adopted it in every particular except as to the time when the twenty-five *per cent.* should be paid, and it became his instrument

and deed in law the same as if he had executed it on or before the first day of February.

*Held,* that the instrument operated as a release of the original debt, and not as an assignment of it to S., and its validity was in no manner affected by the circumstance that the twenty-five *per cent.* had not been paid.

*Held,* that in consideration of the release the defendants became liable to pay the plaintiff the stipulated *per cent.* of the original debt on demand.

*Held,* that the offer to pay by the defendants, but without producing the money, and without the production being waived by the plaintiff, did not constitute a valid tender.

THIS was an action on book account. The paper marked A., referred to in the opinion, was as follows :

" We, the undersigned, creditors of Holly, Fields & Kent to the amounts set opposite our names respectively, (the said amounts being figured up principal and interest to January 1st, 1863,) for value received by us respectively of I. N. Sykes, the receipt of which is hereby acknowledged, do hereby, severally and respectively, for ourselves respectively, but not jointly nor one for the other, covenant and agree to and with I. N. Sykes that we will upon payment to us respectively, on or before the first day of February, 1863, of a sum equal to twenty-five *per cent.* of all our respective claims against Holly, Fields & Kent, sell and convey to the said I. N. Sykes, free of all incumbrance, all our respective claims against the said Holly, Fields & Kent."

" In witness whereof," etc.

Signed and sealed by the creditors, including the plaintiff.

In addition to the facts stated in the opinion, the auditor also found that no money was then, on February 15th, in fact paid by Sykes to the plaintiff, nor has the plaintiff since received the 25 *per cent.* on his debt. But within a day or two after the execution of paper A. to Sykes, by the plaintiff, Sykes furnished Kent, one of the defendants, with the money to pay the plaintiff his 25 *per cent.* Kent called on the plaintiff, and informed him that he had come with the money to pay him his twenty-five cents on the dollar upon his debt. The plaintiff declined to take it, on the ground that the time of payment, by the terms of the paper he had executed to Sykes, had expired. Kent did not show the plaintiff any money because he refused to take any. Kent has since kept the money sufficient to pay the 25 *per cent.* of

plaintiff's claim and interest, ready for the plaintiff, and so informed him, after the offer to pay and before the commencement of this suit, but the plaintiff always declined receiving it.

Fields, another of the defendants, after the first offer to pay as above named and before the commencement of the suit, offered to pay the plaintiff the twenty-five cents on the dollar, but the plaintiff refused to take it unless he was paid his whole debt. The testimony of the plaintiff, showing that no money was paid to him, was by parol and objected to by the defendants, but was admitted by the auditor. Testimony was offered by the defendants to show that under their general assignment for the benefit of their creditors, that their estate in the hands of the assignee would not have paid the plaintiff twenty-five cents on the dollar on his claim. This was objected to by plaintiff and rejected.

On the hearing upon the auditor's report at the December term, 1865, KELLOGG, J., presiding, the court decided that the plaintiff was entitled to recover against the defendants the sum of $260.43, mentioned in the report—it being the full amount due from the defendants to the plaintiff to balance book accounts between them, including interest thereon to the present term, as stated in said report—and rendered judgment in favor of the plaintiff against the defendants on said report accordingly. To this decision and judgment the defendants excepted.

*Miner & Prindle* and *D. E. Nicholson* for the defendants.

*E. B. Burton* for the plaintiff.

The opinion of the court was delivered by

WILSON, J. The auditor's report finds that on the 20th day of August, 1861, the defendants made a general assignment of their property for the benefit of their creditors. The plaintiff was, at that time, a creditor, whose debt amounted to the sum of $206.25. In the fall of 1862 the defendants, with the aid of their friends, who furnished part of the funds for the purpose, undertook to compromise with their creditors, by paying twenty-five cents on the dollar, and as evidence of such compromise, as well as of the *per cent.* to be paid and of the time of payment, the instrument marked A. was drawn up to be signed by them. The instrument, upon the face of it, purports to be an agreement between the plaintiff and Sykes, but the question

Bowen *v.* Holly et al.

as to its real or beneficial parties must be determined by the facts reported by the auditor. It appears that Sykes in making the compromise acted as the agent of the defendants, and for their exclusive benefit. Sykes would not be at liberty, as against the defendants, to recover more of them than he had paid or become liable to pay the plaintiff by reason of his assignment; and whether the plaintiff has a right of recovery against the defendants for more than the twenty-five *per cent.* of the original claim must depend upon the validity of the release in question. It is insisted by the plaintiff's counsel that the instrument never took effect as a release of any part of the debt. The general rule of law, as applicable to such instrument, is that it takes effect upon delivery; and it is important to consider whether there is anything upon the face of the instrument or extraneous which requires it to be made an exception to the general rule in respect to the effect of its delivery.

It appears that the plaintiff executed the instrument on the 15th day of February, 1863, which was fifteen days after the time named in the instrument for making payment had expired. The plaintiff by executing the instrument after the time therein limited for making payment had expired, adopted it in every particular except as to the time when the twenty-five *per cent.* should be paid, and it became his instrument and deed in law, the same as if he had executed it on or before the 1st day of February. The instrument did not require the plaintiff to deliver it until he had received payment of the *per cent.* stipulated to be paid. He might have insisted upon payment at the time of the execution of the instrument, as a condition upon which he would deliver it; but it appears that the plaintiff at the time he signed the instrument added to his signature thereon the words and figures " paid February 15, $222.87," which was the amount of his original claim, including interest to that time, thereby indicating that the condition upon which the assignment was made, had been performed. The delivery of the instrument was absolute, and it does not appear that its execution or delivery was procured by fraud. It would seem that the plaintiff, at the time he delivered the instrument, relied upon an express or implied promise that Sykes or the defendants would thereafter pay the stipulated *per cent.*, and it is evident that the plaintiff, at that time, did not make nor intend to make

the validity of the instrument depend upon the payment of the stipulated sum. We think the instrument operated as a release of the original debt, and its validity is in no way or manner affected by the circumstance that the twenty-five *per cent.* has not been paid.

It is urged by the plaintiff's counsel that the instrument does not constitute a defence at law, that if the defendants have any remedy it must be in chancery. This conclusion is not warranted by the facts in the case. Sykes has no interest in the claim; the suit was brought for the benefit of the plaintiff, and under such circumstances the instrument operates as a release of the debt, and not as an assignment of it to Sykes.

The defendants, in consideration of the release, became liable to pay the plaintiff the stipulated *per cent.* of the original debt. It does not appear that the parties agreed upon the time at which payment should be made, and in the absence of any agreement in respect to the time of payment, it would be payable on demand. It appears that within a few days after the execution and delivery of the release, the defendants offered to pay the plaintiff the amount then due to him by the terms of the compromise, but he did not accept it. The facts reported by the auditor do not show a valid tender. The money was not produced and proffered to the plaintiff, nor was its production waived by him; and we think the plaintiff is entitled to recover the twenty-five *per cent.*

The judgment of the county court is reversed and judgment for the plaintiff for the sum of $65.10. The plaintiff to recover no costs in this court and the defendants' costs in this court to be deducted.