## RANSOM and another, as Ex'rs, *v.* GEER.

*(Circuit Court, S. D. New York.   June 27, 1882.)*

**1. EXECUTORS AS CO-REPRESENTATIVES—REMEDY BETWEEN.**

Owing to the community of interest no action lies at law by one executor or administrator against his co-representative, but the remedy is in equity. So, where complainants, as executors, seek to recover a deficiency arising upon the sale of mortgaged premises sold for satisfaction of a mortgage made by defendant, a co-executor and one of the obligees in the bond, and mort_gagee in the mortgage executed by himself; they are properly in a court of equity, and having in their hands the funds out of which defendant's commissions are payable for his services as executor, they can retain the sum due as his share, and apply it to reduce his indebtedness to the estate.

**2. BANKRUPTCY—COMPOSITION—RIGHTS OF CREDITORS.**

A composition proceeding not carried out, nor performance of the resolution tendered by the insolvent, is an accord without a satisfaction; it is not a discharge of the debt, and will not prevent a creditor from pursuing his action to recover his debt.

*Butten, Stillman & Hubbard,* for complainants.

*Bristow, Peet, Burnett & Opdyke,* for defendant.

WALLACE, C. J.   The complainants' bill is filed upon the theory that they are entitled to invoke the jurisdiction of equity to set off the cross demands between themselves and the defendant.

The complainants and defendant were co-executors and trustees under the will of Jonathan D. Ransom, deceased, and upon several occasions the defendants borrowed a portion of the trust funds and executed and delivered his three several bonds and mortgages therefor.   The defendant was named as one of the obligees in the bond, and as one of the mortgagees in the mortgages executed by him.   He failed to make payment, and the mortgages were foreclosed in the court of chancery of New Jersey, and the mortgaged premises were sold under the decree on the seventh day of October, 1879.   The sale failed to satisfy the mortgages, and a deficiency arose in the sum of $21,290.40.

The bill alleges and the answer admits that under the decree of the surrogate of the city and county of New York, the accounts of the executors and trustees have been finally settled, and that they are authorized to retain, out of the funds remaining in their hands, the sum of $14,034, as commissions, of which the share of the defendant is one-third, or $4,678.20; that the defendant's share still remains undrawn; and that he refuses to apply such sum toward the payment of his indebtedness to the estate, and is insolvent.   The defendant insists

that the facts do not present a case for equitable cognizance, and the complainant's remedy is at law.

Upon the facts alleged and proved the complainants are not required to maintain the suit, upon the theory that equity will set off the cross-demands of the parties, because of the insolvency of the defendant. The defendant is both an obligor and obligee in the bonds, and could not be both plaintiff and defendant in an action at law founded upon them. *Moffat* v. *Van Mullinger*, 2 Chit. 539; *Teague* v. *Hubbard*, 8 Barn. & C. 345; *Smith* v. *Lusher*, 5 Cow. 688. The remedy of the co-obligors is in equity. *Bradford* v. *Williams*, 4 How. (U. S. 576.) As is stated in Brown, Parties, 104–5, owing to the community of interest no action lies at law by one executor or administrator against his co-representative, but the remedy is in equity. See, also, *Smith* v. *Lawrence*, 11 Paige, 206. In *Warner* v. *Spooner*, 3 FED. REP. 890, the right of a bankrupt to prove against his estate a demand in favor of an estate of which he is an administrator, is placed upon the equitable jurisdiction possessed by courts of bankruptcy.

The complainants are therefore properly here to recover the deficiency arising upon the sale of the mortgaged premises, and as they have in their hands the funds out of which the defendant's commissions are payable, they can retain the sum due as his share, and apply it to reduce his indebtedness to the estate. It is insisted in defence of the action that the defendant is discharged from his indebtedness to the estate by his composition proceedings in bankruptcy. So far as the rights of the parties depend upon the effect of the composition it must be held, on the authority of *Paret* v. *Ticknor*, 16, N. B. R. 315; and *In re Calby*, MSS. U. S. Dist. Ct. S. D. N. Y., that the executors are entitled to be paid the composition percentage upon the amount of the indebtedness for which their security proved to be insufficient.

The defendant, while alleging the composition proceeding as a bar to the action, does not allege or prove that he has ever offered to pay the complainants according to the terms of the composition resolution. The creditor's debt is not discharged by the resolution only; it is discharged only when the terms of the composition are carried out. *Reiman* v. *Friedlander*, 13 N. B. R. 128; *In re Hatton*, L. R. 7 Ch. App. 723; *Edwards* v. *Coombe*, L. R. 7 Com. Pleas, 519; *Goldney* v. *Lording*, L. R. 8 Q. B. 182. The bankruptcy court, in the exercise of its supervisory jurisdiction, can enforce the composition as against creditors, or as against the debtor, but even that court will not restrain a creditor from pursuing his action to recover his debt when

the debtor has failed to carry out the provisions of the composition. In the present case the defence assumes the aspect of an accord without a satisfaction.

The sum due to the executors as unsecured creditors was not established until the sale of the mortgaged premises, October 7, 1879. That was a judicial sale, to which the defendant was a party, and he is concluded from asserting that the sum realized was not a fair sum. Doubtless a tender of performance of the composition resolution by the defendant at that time, or within a reasonable time after, would have satisfied the law. Whether in view of the subsequent delay the court of bankruptcy would interpose to require the executors to accept the composition percentage, and would have stayed this action to recover the indebtedness, is a question which does not require decision here; this court has not the power to do so. For present purposes the defendant is to be considered as seeking to avail himself of a discharge without having performed the conditions essential to its efficacy as a defence, and a court of equity can no more qualify or enlarge its operation than could a court of law.

A decree is ordered for the complainants adjudging due to them from the defendant the sum of $21,290.40, with interest from October 7, 1879, and authorizing the complainants to apply thereon the sum of $4,678.20, the defendant's share of the commissions, in discharge of the liability of the complainants' estate to the defendant personally, with costs to the complainants.