CULLEN C. CHAPMAN

*vs.* .

DENNISON PAPER MANUFACTURING COMPANY.

Cumberland. Opinion March 20, 1885.

*Contract. Composition. Laches. Tender.*

The plaintiff, having in his possession certain notes given by the defendant, the ownership of which was before the court for adjudication, agreed in writing with the defendant to accept in full thereof twenty-five per cent of

their amount, to be paid in cash whenever the court should decide him to be the owner. July 7, the plaintiff by letter notified the defendant's treasurer that the court had decided him to be the owner and that he was ready to settle as by his agreement. The treasurer replied he would arrange the matter the following week; but no payment being made or attempted, the plaintiff sued the notes on September 8, and the defendant made tender of the twenty-five per cent on November 19. *Held,* that the tender was not made within a reasonable time; that the agreement was forfeited, and the original cause of action revived.

ON report from the superior court.

Assumpsit on three promissory notes dated June 27, 1879, for $1000, $1500 and $1200 respectively.

The plea was general issue and following brief statement:

" And for a brief statement of special matter of defence to be given in evidence under the general issue above pleaded the defendant further says: That on the seventh day of November in the year of our Lord one thousand eight hundred and seventy-nine, for a valuable consideration the said plaintiff entered into an agreement in writing with the said defendant under his hand and seal of that date in the words and figures following, that is to say: 'In case it shall hereafter appear by legal adjudication, reference or otherwise, that I am the true owner of three certain notes of the Dennison Paper Manufacturing Company, dated June 27, 1879, for $1,000, $1,500, $1,200 respectively, the transfer of which to me I claim is vitiated by fraud, I hereby agree to and with the said Dennison Paper Manufacturing Company, to accept of said company in full of said notes twenty-five (25 per cent.) per cent. of the amount due on said notes on the first day of July last, said amount to be paid in cash whenever the above question is decided and with interest if later than July 1st, next.'

" ' Dated at Portland, Maine, the 7th day of November, A. D. 1879.

" ' In presence of C. F. Libby.

C. C. Chapman, [L. S.] '

" And the defendant further says that the notes described in said agreement are the same declared on in this suit, and that said defendant has always been ready to fulfil and perform said

agreement on their part within a reasonable time, and that on the nineteenth day of November, A. D. 1883, after the commencement of this suit the said defendant tendered and offered to pay to the plaintiff the said amount of twenty-five per cent. of the amount of said notes with interest as provided by said agreement, and all the costs of the plaintiff in this action then commenced to wit : the sum of one thousand one hundred and ninety dollars in lawful gold coin of the United States, which the plaintiff then and there refused to accept or receive, and the defendant brings the same here into court thereafterwards on the same day with this its plea in said cause, and the said sum being the full amount to which the plaintiff is entitled under said notes and agreement and in this suit, the defendant says that he ought not to further have or maintain said suit."

*S. C. Strout, H. W. Gage* and *F. S. Strout*, for the plaintiff, cited : *Young* v. *Jones*, 64 Maine, 563 ; *Miller* v. *Hatch*, 72 Maine, 481 ; *Weber* v. *Couch*, 134 Mass. 26 ; 22 Law Reg. 747, 682 ; *Bailey* v. *Day*, 26 Maine, 88 ; *White* v. *Jordan*, 27 Maine, 378 ; 32 Maine, 253 ; *Perkins* v. *Lockwood*, 100 Mass. 249 ; *Jenners* v. *Lane*, 26 Maine, 480 ; *Cushing* v. *Wyman*, 44 Maine, 121 ; *Mansur* v. *Keaton*, 46 Maine, 346 ; *Bragg*, v. *Pierce*, 53 Maine, 65 ; *White* v. *Gray*, 68 Maine, 579 ; *Dudley* v. *Kennedy*, 63 Maine, 467 ; *Clifton* v. *Litchfield*, 106 Mass. 34 ; *Blake* v. *Blake*, 110 Mass. 202 ; *Turner* v. *Comer*, 6 Gray, 530 ; *Partridge* v. *Messer*, 14 Gray, 180 ; 107 U. S. 325 ; 19 Wall. 561 ; *Goodwin* v. *Davenport*, 47 Maine, 117 ; *Attwood* v. *Clark*, 2 Maine, 249 ; 14 Maine, 57 ; 15 Maine, 350 ; 16 Maine, 164 ; 24 Maine, 13 ; *Saunders* v. *Curtis*, 75 Maine, 496 ; *Howe* v. *Huntington*, 15 Maine, 350 ; 5 Mass. 494 ; 21 Pick. 193.

*Strout and Holmes*, for the defendant.

We are aware that there are cases in this state which hold that a mere agreement of a creditor to discharge his debt upon the performance of something which is not a payment in cash of the full amount unconnected with any other transactions, is an accord without satisfaction and cannot be pleaded in defence

to a suit upon the debt. *Young* v. *Jones*, 64 Maine, 563 ; *White* v. *Gray*, 68 Maine, 579.

These cases are put upon the ground that an accord without satisfaction is no defence. But where different creditors of a debtor agreed together with him to accept a different payment from that provided by his existing indebtedness, the court said :

" It certainly appears that this was not an accord and satisfaction, strictly so called, but it was a consent by the parties signing the agreement to forbear enforcing their demands in consideration of their own mutual engagement of forbearance. . . . Then is not this a case where each creditor is bound in consequence of the agreement of the rest? It appears to me that it is so both on principle and the authority of the cases in which it has been held, that a creditor shall not bring an action where others have been induced to join him in a composition with the debtor, each party giving the rest reason to believe that, in consequence of such engagement, his demand will not be enforced. This is, in fact, a new agreement, substituted for the original contract with the debtor ; the consideration to each creditor being the engagement of the others, and the verdict for the defendant was sustained and the rule for a new trial discharged." *Good* v. *Cheeseman*, 2 B. & A. 328 (22 E. C. L. 89) ; *Anstey* v. *Marden*, 4 Bos. & Pul. 124 ; *Bradley* v. *Gregory*, 2 Camp. 383 ; *Butler* v. *Rhodes*, 1 Esp. 236 ; *Steinman* v. *Magnus*, 11 East, 390.

Now the doctrine of the cases, fully established in the courts of England, has been adopted as fully by those of this country. *Eaton* v. *Lincoln*, 13 Mass. 424 ; *Perkins* v. *Lockwood*, 100 Mass. 249 ; *Farrington* v. *Hodgdon*, 119 Mass. 453 ; *Paddleford* v. *Thacher*, 48 Vermont, 574 ; *Browne* v. *Stackpole*, 9 N. H. 478 ; *Chemical Bank* v. *Kohner*, 85 N. Y. 189 ; *Baxter* v. *Bell*, 86 N. Y. 195 ; *Cutter* v. *Reynolds*, 8 B. Mon. 596 ; *Mellen* v. *Goldsmith*, 47 Wis. 573 ; *Norman* v. *Thompson*, 4 Exch. 755 ; *Chase* v. *Bailey*, 49 Vt. 71 ; *Devou* v. *Ham*, 17 Ind. 472 ; *Murray* v. *Snow*, 37 Iowa, 410 ; *Strickland* v. *Harger*, 23 Hun. 465 ; *Falconbury* v. *Kendall*, 76 Ind. 260.

There was no delay in the payment to affect the rights of the parties. Plaintiff wrote to the defendant July 7, 1883. To

this defendant's president answered July 14, 1883, showing that the first letter was not mailed so as to go on the day it bore date, and then the plaintiff was to be away for a week. It appears that the parties met after this in Portland, and that they did not have the same understanding about the amount due, for plaintiff writes under date of July 23, 1883, that, "I make the amount due on your notes July 25, inst. $1,150.70."

Inasmuch as there was no fixed time within which the payment should be made, and as the agreement provided compensation for any time that should elapse after July 1, 1880, before payment, under the circumstances it seems impossible to say under any question of time, the plaintiff can repudiate his contract.

VIRGIN, J. The plaintiff's agreement of November 7, 1879, cannot bar this action on the ground of accord and satisfaction, for it has never been fully executed. *Heathcote* v. *Crookshank*, 2 Term, 24; *Bragg* v. *Pierce*, 53 Maine, 65; *Miller* v. *Hatch*, 72 Maine, 481.

Assuming (without deciding) that it was made upon sufficient consideration; that a composition had been entered into by all of the defendant's creditors save two; and that the defendant, in the absence of any stipulation in the composition agreement requiring the assent of all, might lawfully settle with those who did not sign it on such terms as he and they might agree, without thereby releasing those who did sign, then the agreement alone which the plaintiff signed, in the absence of any reference therein to the general composition agreement, is the only one that can affect him. We must look, therefore, at the terms of his agreement in order to ascertain what is to operate as a satisfaction or discharge of his original debt. *McKenzie* v. *McKenzie*, 16 Ves. 372.

There is a familiar class of cases wherein by the agreement a debtor's promise is received by his creditors in satisfaction of his debts; and there is another class where the performance and not the promise is intended to operate as satisfaction. 1 Sm. L. Cas. (6 Am. ed) 554; 2 Sm. L. Cas. 24; *Evans* v. *Powis*, 1

Exch. 599, 606; *Richardson* v. *Cooper*, 25 Maine, 450, 452. In the former class, the new promise is given as a substitution for or satisfaction of the debt. *Good* v. *Cheeseman*, 2 B. & Ad. 328. Where the composition deed contained an absolute and immediate release of the debtor, with a covenant on his part to pay the composition money in instalments, without any proviso declaring it void unless paid, the non-payment was held not to remit the creditor to their original debts for the reason that they were discharged, and that the creditors' remedy was upon the covenant. *Lay* v. *Mottram*, 19 C. B. (N. S.) 479, 484. But if, instead of a release, the composition agreement contain a mere stipulation that the creditors will accept a certain sum, or percentage of their respective debts in full satisfaction thereof, the debtor must punctually pay to entitle him to a discharge. *Cranley* v. *Hillary*, 2 M. & S. 120. For the creditor, not being obliged to enter into any composition agreement, has the sole right of modifying his first contract and of prescribing the conditions of its discharge; and if the debtor fail to pay, the condition to accept a part is broken, the new contract is thereby forfeited and is no bar to the original cause of action. *Sewall* v. *Musson*, 1 Vern. 210; *Clarke* v. *White*, 12 Pet. 178, 191. Still, while such a composition agreement is in force, and before any infraction thereof on the part of the debtor, the remedy on the original debts being suspended thereby, they cannot be the subject of an action. *Cranley* v. *Hillary, supra*; *Chemical N. Bank* v. *Kohner*, 85 N. Y. 189.

The plaintiff's agreement comes within this rule; and the question arises, was it in force when the defendant first moved to perform on his part on November 19, 1883. By its terms the plaintiff agreed to accept twenty-five per cent of the amount due on the notes on July 1, 1879, to be paid in cash "whenever the question" of their ownership "is decided."

A composition agreement is an act of favor and indulgence on the part of creditors. But when it is signed and delivered, favor ceases, and the debtor, in the absence of any waiver by the creditors, is remanded again to the law, which requires of him a strict compliance if he would avail himself of its advantages,

visiting upon him, for his default, no harsher penalty than a. renewed liability to pay the debt which he already owes. When money is to be paid by him within a specified time, the debtor must pay or tender it, at the time stipulated. *Evans* v. *Powis,. supra; Fessard* v. *Mugnier*, 18 C. B. (N. S.) 286; *Cranly* v. *Hillary, supra.* And if no definite time is fixed, the law imposes upon him the obligation to pay within a reasonable time.. *Attwood* v. *Clark*, 2 Maine, 249; *Saunders* v. *Curtis*, 75, Maine, 493, 495; *Wilder* v. *Sprague*, 50 Maine, 354; *Bowen* v. *Holly*, 38 Vt. 574. And whether this question is one of law or fact, we need not discuss it here, as the case comes before us on report, and the court is to decide it on so much of the evidence as is legally admissible.

By the terms of the agreement, the defendant was to pay in cash, "*whenever* the ownership of the notes is decided." The most favorable construction which the defendant can ask, is that he was thereby required to pay within a reasonable time after that decision was made known to him.

What is a reasonable time in a given case, depends upon a consideration of all of its circumstances. This court has declared that a reasonable time is such time as is necessary conveniently to do what the contract requires should be done. *Howe* v.. *Huntington*, 15 Maine, 350; *Saunders* v. *Curtis*, 75 Maine, 493.

In this case, nothing but money was to be paid. The defendant had obtained a like agreement with the other contingent owner of the notes, so that the money was to be ready at all hazards. The parties resided within forty miles of each other, and there was railroad communication twice daily between their places of business. The defendant's treasurer was in Portland (plaintiff's place of business) very often during the months of July, August and September, 1883. He was notified July 7, 1883, by letter, that the court had settled the ownership of the notes in the plaintiff, that they were then in his possession, and that he was ready to settle, as by his agreement. On July 14, the plaintiff was notified by letter that the defendant would meet him in Portland the ensuing week and "arrange the matter." On July 23, the plaintiff notified the defendant of the "amount

which he made due on the notes. " The plaintiff waited until September 8, and then sued out this action, returnable on first Tuesday in November, and no offer of payment was made, or excuse for the delay was offered, until November 19. " This long delay, which the defendant has not seen fit to explain, we think is unreasonable. " *Saunders* v. *Curtis, supra; Kingsley* v. *Wallis,* 14 Maine, 57.

*Judgment for the plaintiff for the amount of the notes.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.