SILAS SWARTZ, Respondent, *v.* JOHN CROSBY BROWN and Others, Appellants.

*Debtor and creditor — composition agreement — discharge — note as payment — right of assignee to recover collateral — pleading — demurrer.*

Appeal from an interlocutory judgment entered on the 29th day of May, 1909.

Judgment affirmed, with costs, on the opinion of the court below, with leave to defendants to withdraw demurrer and to answer on payment of costs.

The following is the opinion of the court below:

BISCHOFF, J. : The complaint before me clearly sets forth the fact that the defendants' debtor, Eisenberg, made a composition agreement with his creditors, including these defendants, whereby in consideration of the payment of certain moneys and the delivery of a certain promissory note to the defendants indorsed as agreed, the principal debt became discharged. This action brought by Eisen-

berg's assignee to recover the value of the property in the defendants' hands as collateral security for the debt, proceeds upon the theory that the debtor became reinvested with title to the security upon discharge of the debt, and every allegation of fact essential to this legal result is contained in the pleading. There is nothing to suggest that the composition was of a conditional character. As alleged, it was final, and the creditors' acceptance of the benefits was with the understanding that the claims were discharged. The discharge could not be reopened and the debt revived merely because the note given under the composition may not have been collected, unless the creditor had taken it as a promise to pay an installment under the composition agreement, not as payment itself pursuant to that agreement (*Hadley Falls Nat. Bank* v. *May*, 29 Hun, 404; *Boyd* v. *Hitchcock*, 20 Johns. 76), and in view of the facts alleged as to the terms of the composition there was certainly no necessity for an averment that the notes delivered, with the indorsement as agreed, had actually been paid. The debt being discharged the creditor had no further right or interest in the collateral as against the one time debtor. (*Robinson* v. *Striker*, 47 Hun, 546.) The grounds of argument for the defendants in support of this demurrer merely serve to suggest that they have a meritorious defense, and the attack upon the complaint is made to proceed upon the assumption that the plaintiff has failed to state a case because of his omissions to plead the negative of affirmative matter upon which the issue may and should be tendered by answer. Demurrer overruled, with costs, with leave to defendants to plead over upon payment of costs within twenty days.

---

Grace B. Guggenheim, Appellant, v. William Guggenheim, Respondent.— Judgment affirmed, with costs. No opinion.

The National Park Bank of New York, Respondent, v. Frank Rando, Appellant.—Judgment affirmed, with costs. No opinion.

Knickerbocker Trust Company, Respondent, v. John B. Sabine, Appellant.— Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs. No opinion.