ABRAHAM JACOBS, Doing Business under the Firm Name of A. JACOBS Co., Appellant, *v.* ABRAHAM FENSTER-STOCK, Respondent.

**Bankruptcy — composition with creditors acts as absolute settlement and discharge of old debts — failure to pay notes given in composition does not revive original debts.**

1. A composition by a bankrupt with his creditors, under sections 12–14 of the Bankruptcy Act, operates as an absolute settlement and discharge of his old debts and leaves hanging over him only the new ones which were created by the composition, the failure to pay which does not revive the original debts.

2. Where defendant, being insolvent with bankruptcy proceedings pending against him, concluded a composition with his creditors by which he was to pay a percentage of his debts in cash and give notes for an additional percentage, his failure to pay the notes when due does not warrant the prosecution of an action against him on the theory that through his failure to pay such notes the original debt was revived, and the complaint is properly dismissed.

*Jacobs* v. *Fensterstock*, 202 App. Div. 795, affirmed.

(Argued March 22, 1923; decided May 1, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1922, unanimously affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint.

*Edwin D. Hays* and *Harry N. Wessel* for appellant. The failure of the defendant to pay the notes given as part consideration for the composition revived the original debt. (*Beck* v. *Witteman Bros.,* 185 App. Div. 643; *Page* v. *Carton,* 64 Misc. Rep. 645; *American Woolen Co.* v. *Friedman,* 97 Misc. Rep. 593; *Matter of Leipziger,* 18 N. B. R. 264; *Matter of Kinnane Co.,* 221 Fed. Rep. 762; *Ransom* v. *Geer,* 12 Fed. Rep. 607; *Matter of Eisenberg,* 148 Fed. Rep. 325; *Matter of A. B. Carton Co.,* 148 Fed. Rep. 63; Collier on Bankruptcy [12th ed.], 314; Brandenburg on Bankruptcy [4th ed.], 1124, 1125; *Herrington* v. *Davitt,* 145 N. Y. Supp. 452; *Mallin* v. *Wenham,* 209 Ill. 252; *Citizens Loan Association* v. *B. & M. R. Co.,* 196 Mass. 528.)

*Jacob S. Demov* for respondent. The order confirming the composition and the distribution of the cash and notes required thereby unconditionally discharged the plaintiff's claim and was not revived by the failure to pay the notes. (*American Car Co.* v. *Schenkel,* 110 Misc. Rep. 345; *C. G. Mfg. Co.* v. *De Witt,* 237 U. S. 447; *Matter of Maytag-Mason Motor Co.,* 223 Fed. Rep. 684; *Wood & Selick* v. *Vanderveer,* 55 App. Div. 549; Collin on Bankruptcy [10th ed.], 365; *Broadway Trust Co.* v. *Manheim,* 47 Misc. Rep. 417; *Swartz* v. *Brown,* 135 App. Div. 913.)

HISCOCK, Ch. J. This action is brought to recover for goods, wares and merchandise sold by the plaintiff to the defendant and it is believed to involve a construction of

provisions of the Bankruptcy Law providing for compositions by insolvent debtors.

The defendant became insolvent and involuntary bankruptcy proceedings were instituted against him. Before these proceedings were concluded a composition offer was made, accepted by the requisite number of creditors and approved by the court. Under this the defendant was to pay ten per cent of his debts in cash and was to give two notes for an additional ten per cent. The composition was carried out, the plaintiff receiving his ten per cent in cash and his two notes for ten per cent in addition. These latter notes were not paid when they became due and he now brings this action on the theory that through the failure of the debtor to pay said notes the original debt was revived and may be prosecuted, less a credit for the cash which was paid. We do not agree with this contention.

The Bankruptcy Act of 1898, amongst other things, provided: " Section 12. Composition, when confirmed:

" a. A bankrupt may offer, either before or after adjudication, terms of composition to his creditors,   *   *   *

" e. Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed."

" Section 14. Discharges, when granted:

" c. The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

There is no question but that all of the terms of the Bankruptcy Act necessary to effect the composition were properly carried out and complied with and the only question is in respect of the effect of such proceedings as described in section 14. The plaintiff argues first that the words in section 14, " those agreed to be paid by the terms of the composition," mean the original debts which are to be settled by the composition, and, second, that on general

and familiar principles a debtor's note given to settle a debt does not operate as a payment unless it is actually paid. The defendant, on the other hand, claims, and it has thus far been held, that the words " those agreed to be paid by the terms of the composition " mean in such a case as this the notes which are given on the composition, and that the composition acts as a settlement and discharge of all the old debts.

While the language may be somewhat ambiguous, we think that construed in the light of the well-known purposes of a bankruptcy law the contention of the defendant is correct. As we all understand, the purpose of a bankruptcy law is to give a debtor relief from his debts and to enable him to " start over " in business provided he is honest and turns over all of his property not exempt for the benefit of his creditors. Then there has been engrafted on this theory the idea that many times it will be better to let the debtor keep his business and property rather than to liquidate it provided he will pay to his creditors either in cash or by obligations all that he can afford to and hence the provisions for a composition. The underlying thought is always that the debtor either by turning over all of his property or by making a composition shall be relieved of the incubus of his old debts and shall be permitted to face the future in business from the situation which is created by the Bankruptcy Law and this would plainly mean in the case of a composition that he would be relieved of his old debts and would simply have the burden of paying the notes which were given under the composition. The composition thus would operate as an absolute settlement and discharge of his old debts and leave hanging over him only the new ones which were created by the composition, and the failure to pay these would not revive the original debts as would be the case in an ordinary settlement or common-law composition. (*Matter of Mirkens*, U. S. Circuit Ct. of Appeals, April, 1923.)

It is argued that we do not reach the question above discussed; that under the decision of a motion for judgment on the pleadings an adjudication of the question in favor of the defendant was had which has not been reversed and is, therefore, binding. Upon the record as presented, however, we have thought that this does not clearly appear and that, therefore, we are at liberty to consider the merits of the controversy and settle a question in respect of which there has been considerable conflict of opinion.

The judgment appealed from should be affirmed, with costs.

HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed, etc.