310

**In re PLAZA MUSIC CO., Inc.***

No. 58097.

District Court, S. D. New York.

Dec. 12, 1934.

Hahn, Abeson & Golin, of New York City (J. Jacob Hahn, of New York City, of counsel), for trustee.

Frank & Frank, of New York City, for claimant.

*Order affirmed 77 F.(2d) 1010.

PATTERSON, District Judge.

The question is whether, on nonpayment of notes given under a common-law composition and on subsequent bankruptcy of the debtor, a creditor may prove claim for the unpaid balance of his original claim or only for the unpaid balance due under the composition.

In the summer of 1932 Plaza Music Co., Inc., was in financial difficulties. It made an offer of composition to creditors. The offer recited the debtor's hope of continuing in business and "reorganizing" with the creditors' cooperation, and put to the creditors the proposition of a 50 per cent. settlement, payable 20 per cent. in cash and 30 per cent. in notes of the debtor. Another term of the offer was that one Germain, treasurer of the debtor, would subordinate his claim of $23,914.54 for money loaned to the debtor, by converting it into a capital investment.

This offer was accepted by more than 90 per cent. of the creditors, the petitioner Paine among them. The acceptance read that, in consideration of similar consents by other creditors and of the moneys to be advanced to effect settlement, the creditor "agrees to a settlement of its claim against the Plaza Music Company * * * by the acceptance of 50% thereof, to be payable as follows: 20% in cash; 30% in six notes of 5% each * * *." The acceptance also referred to the subordination of Germain's claim and declared that it would be effective on consents by not less than 90 per cent. of the creditors.

The 20 per cent. in cash was paid and notes for 30 per cent. were delivered. Germain's claim of $23,914.54 was wiped out. But the notes were never paid. The debtor continued in business for some time, incurring new obligations, and went into bankruptcy a year later. Paine filed proof of claim for $17,622.94, which was the amount of his original debt less what he had received in cash on the composition. The trustee in bankruptcy objected that the claim was excessive. The referee held that the claim should be reduced to $6,659.40, which represented the unpaid notes received on the composition. Paine submits that the referee erred in ordering the reduction.

A composition pursuant to the Bankruptcy Act is practically the equivalent of a discharge in bankruptcy. If notes given by the debtor as part of the composition are not paid, the original debt is not revived. The creditors' only rights are on the com-

position notes. This result has been reached from a consideration of the provisions of the Bankruptcy Act relative to compositions and of the policy of the act. In re Mirkus (C. C. A. 2) 289 F. 732; Jacobs v. Fensterstock, 236 N. Y. 39, 139 N. E. 772. But as the composition involved here was not one under the Bankruptcy Act, these authorities have no application.

The validity of the composition as a common-law settlement is unquestionable. Consideration for each creditor's promise to take less than the amount owed him is found not merely in the promises of the other creditors, but also in the promise of Germain to subordinate his claim. The only question is whether the later default of the debtor on the composition notes revived the original claims of the creditors.

██ It is a general rule in common-law compositions that the nonperformance by the debtor of his engagements under the arrangement operates to revive the original claims, giving creditors their option to enforce those claims or to pursue their rights under the composition. Sometimes the composition agreement provides in express terms that on default of the debtor the creditors shall be relegated to their pre-existing claims. Whitney v. Whitaker, 2 Metc. (Mass.) 268; Pupke v. Churchill, 91 Mo. 81, 3 S. W. 829; Penniman v. Elliott, 27 Barb. (N. Y.) 315. And in the ordinary case where there is no specific provision to this effect, but where the debtor merely agrees to pay a percentage and the compounding creditors agree to accept the percentage in full satisfaction, there is a presumption that the parties intend the payment rather than the new promise to be the contemplated discharge of the old claims. Clarke v. White, 12 Pet. 178, 9 L. Ed. 1046; Ransom v. Geer (C. C. N. Y.) 12 F. 607; In re Carton (D. C.) 148 F. 63, decided by Judge Hough; Hadley Falls Nat. Bank v. May, 29 Hun (N. Y.) 404, affirmed 99 N. Y. 671; Chapman v. Dennison, 77 Me. 205; National Bank v. Porter, 122 Mass. 308; Cobleigh v. Pierce, 32 Vt. 788; Restatement, Contracts §§ 417–419. This is true even where notes given on the composition bear the indorsement of a third person. In re Clarence A. Nachman Co. (C. C. A. 2) 6 F.(2d) 427. In such cases the failure of the debtor to pay in accordance with the composition removes the impediment to the creditors' enforcement of their original claims.

██ But the effect to be attached to the debtor's default under the composition depends on the intent of the parties as evidenced by the composition agreement. If the agreement is one in which the creditors take the debtor's promise, rather than later payment, in satisfaction, their pre-existing claims are extinguished forthwith and on later nonperformance of the promise the creditors have nothing but their rights under the composition. The intent to accept the promise in full satisfaction may appear either by express provision of the agreement or by fair implication from its terms. Good v. Cheeseman, 2 Barn. & Adol. 328; Brown v. Farnham, 55 Minn. 27, 56 N. W. 352; Mullin v. Martin, 23 Mo. App. 537; Bartlett v. Woodworth-Mason Co., 69 N. H. 316, 41 A. 264; Swartz v. Brown, 135 App. Div. 913, 119 N. Y. S. 1024; Washington Securities Co. v. American Nitrogen Products Co., 142 Wash. 624, 253 P. 1070. See, also, Kromer v. Heim, 75 N. Y. 574, 577, 31 Am. Rep. 491. It may be inferred where the debtor transfers his property as part of the composition (Brown v. Farnham, supra), or where certain creditors take a deferred position under the composition (Washington Securities Co. v. American Nitrogen Products Co., supra). And the intent to make the agreement an executed one will be found more readily in the case of a composition than in an ordinary accord. Williston on Contracts, § 1847.

██ Here the promise of the debtor to pay a percentage and the promise of the creditors to accept it in full settlement have no particular significance one way or the other. If this were the extent of the agreement, the presumption that it is the performance and not the promise that is to control the discharge of the original claims would govern the case. But an important feature of the composition was the subordination of Germain's claim to the claims of the other creditors. That subordination was and still is to the advantage of the compounding creditors. In this respect, at least, the composition was thoroughly executed. Germain cannot be restored to his original status as a creditor, because the bankrupt has past-composition creditors who would be prejudiced, and, for all that appears, some of the composition creditors are standing on their rights under the composition. The composition being a finality as to this creditor, the inference is a reasonable one that it was intended by the par-

ties to be final as to the other creditors who assented to it. Just as Germain took stock in extinguishment of his claim, so the others took cash and notes in extinguishment of their claims. The suggestion that whatever the construction of the agreement the creditor should have the option of rescinding it on the debtor's nonperformance (Williston on Contracts, § 1848) is inadmissible here, for the subordinating creditor cannot get back what he relinquished. The result is that the debtor's subsequent failure to pay the notes did not revive the original claims.

The case is different, I think, from a composition where indorsed notes are given in settlement, as in the Nachman Case, supra. Such a composition is executory as to the surety as well as the debtor. Moreover, the surety is not altogether committed; he is released if the creditor on the debtor's default elects to rely on his original claim.

It follows that the proving creditor was entitled to prove for only the unpaid balance of his claims under the composition. The referee's order reducing the claim to this amount was right, and will be affirmed.