## VOGEL v. MOHAWK ELECTRIC SALES CO.

### No. 180.

Circuit Court of Appeals, Second Circuit.

March 17, 1942.

Abraham J. Multer, of New York City, for appellant.

David Fogel and Schechter & Sulzberger, all of New York City, for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This case arises upon an appeal, taken by leave of this court, from an order of the bankruptcy court which affirmed the order of a referee. The appellant is the trustee in bankruptcy, and moved before the referee to expunge a claim for $309.34 filed by the appellee, a creditor of the debtor, insofar as it asserted priority over the debts existing at petition filed. The referee denied the motion and granted the priority, and the trustee appealed to the district court. The motion before the referee was apparently directed only against the priority of the claim, though the record is not altogether clear; in any event since we hold that it has priority, a fortiori we hold that it is provable.

The facts were as follows. The debtor was a corporation doing business in New York, against which an involuntary petition for adjudication was filed on March 25, 1939, and which on March 30th filed a petition for an "arrangement" under Chapter XI, 11 U.S.C.A. § 701 et seq. The court from time to time authorized the continuation of the business until June 15th, on which day it confirmed an amended "arrangement" by which the debtor promised to pay all administration expenses and priority claims and thirty per cent of the claims of creditors in installments within eighteen months. In the event of default upon any installment a creditors' committee, named in the plan, might apply "for immediate liquidation." The debtor was to deliver all its shares endorsed in blank to this committee, who should hold them till the last installment was paid, and who were to be elected and to serve as directors in place of the former directors then in office. The only officer was to be a president; he was to have no authority to dispose of the assets in bulk without consent of the committee, and any money borrowed was to be "subordinate to the rights of present creditors." The court was to retain jurisdiction over the debtor and its assets until payment of the last installment. All this was carried out; the committee, appointed by the vote of the creditors, took charge of the business and continued it in the debtor's name; and while doing so, bought necessary supplies in the debtor's name from the creditor at bar. The debtor failed to meet the installments, the committee demanded liquidation, an adjudication was entered on January 10, 1940, and a trustee appointed, who made this motion. The question is whether the debt so incurred has any priority over the unpaid balance of the old debts.

Section 377(1) provides, in a case where the "arrangement" supervenes upon a pending bankruptcy proceeding, and the court has retained jurisdiction over the proceeding after confirmation—as it may if the plan so provides (§ 368)—that upon the debtor's default in carrying out its terms the court "shall * * * enter an order dismissing the proceeding under this chapter and adjudging the debtor a bankrupt * * * and directing that the bankruptcy be proceeded with pursuant to the provisions of this act." That was done here; the proceeding was dismissed and the debtor was adjudicated. Section 64, sub. b provides that debts contracted after a discharge or the confirmation of an "arrangement" shall have priority in the ensuing bankruptcy proceeding over the old debts "in the event of a revocation of the discharge or setting aside of the confirmation." This section—although then somewhat obscurely worded and numbered § 64, sub. c—was in the original act of 1898 and remained unchanged until the Chandler Act was passed in 1938. Until then there was no ground for reopening a composition except fraud (In re Isidor Klein, Inc., 2 Cir., 22 F.2d 906); nor did the bankrupt's default in meeting his engagements made in the composition revive

the old debts. In re Mirkus, 2 Cir., 289 F. 732, 31 A.L.R. 435; In re Kornbluth, 2 Cir., 65 F.2d 400; Jacobs v. Fensterstock, 236 N.Y. 39, 139 N.E. 772. The common law treated the composition merely as an accord and satisfaction (In re Nachman Co., 2 Cir., 6 F.2d 427), and it remained doubtful what the law was upon the point under the Act of 1867 as amended in 1874. Ransom v. Geer, C.C., 12 F. 607; Deford v. Hewlett, 49 Md. 51. When § 386 took the place of § 13, nothing of substance was changed except that the court was given an option as to its course after the confirmation was set aside. Without more the confirmation would have remained a discharge in all cases (§ 371) although the debtor defaulted upon his promises, just as it had before 1938. And that is still true in cases where the court does not "retain jurisdiction" over the proceeding by virtue of a provision in the plan (§ 368). But, as we have seen, it is no longer true if the court does "retain jurisdiction," for then the "arrangement proceeding" must be "dismissed" and that of course revives the old debts.

■ Thus, the question before us is whether when an "arrangement proceeding" is "dismissed" under § 377 (1) because of the bankrupt's default, § 64, sub. b, applies, as it concededly does when only the order of confirmation is "set aside" for fraud under § 386. Except for the change in language—the substitution of "dismissing the proceeding" in § 377(1), for "[setting] aside the confirmation" in § 386—there could be no doubt. The reasons which could move Congress to provide an ad interim protection for new debts incurred during the period of trying out the bankrupt's power to survive, apply equally whether he defaults or whether he has been fraudulent in the composition proceeding. True, it may be argued that the new creditors have less reason to anticipate his fraud than his default, but there are weighty enough equities in their favor in the second case also; for the underlying theory must be that he shall have a chance to establish himself again, and that he cannot have unless he can do business upon equal terms with his competitors; it is idle to ask him to fight his way with one arm tied. Yet if any new creditors who sell to him must accept the possibility that if he fails to perform the "arrangement" they must share with the old creditors (not to the extent of the payments fixed in the composition which presumably have been so far scaled down as to be supportable, but to that of the whole sum of the old debts), they are extremely likely not to deal with him at all. Unless he can assure them as to the amount of his actual liabilities without a contingent addition of the old debts, he will start with a handicap in a race which he has already once lost. As for the words, "dismissing the proceeding," they are apt enough. The order of confirmation is the consummation of the "arrangement proceeding" which cannot be "dismissed" unless that order is "set aside" along with everything else.

From the foregoing discussion it appears that the omission from the "arrangement" of the provision authorized by subdivision 6 of § 357 was immaterial; it does not touch any priorities between the old debts and new ones incurred after confirmation. On the contrary, it is meant merely to authorize granting priority to debts incurred after petition filed and before the order of confirmation, and presumably it falls if the whole proceeding is "dismissed" under § 377. (In that event we may assume, arguendo, though we do not decide, that the word, "adjudication," in § 63, sub. b is not then to be construed as § 352 requires; at least that would to some extent make allowable debts incurred after petition filed, and before the confirmation of an "arrangement.") This interpretation of the words, "pendency of the arrangement," in subdivision 6 of § 357 does indeed confine them to the period ending with the order of confirmation, but that is indicated elsewhere in the chapter. Thus, § 344 expressly distinguishes between the "pendency of a proceeding for an arrangement" and the period "after the confirmation * * * where the court has retained jurisdiction"; and while § 391 is not so plain, yet if the words "while a proceeding * * * is pending" had been thought to include the period after confirmation in cases where the court retains jurisdiction, the concluding phrase, "and until it is finally dismissed," was redundant.

■ We need scarcely add that we cannot agree with the creditor's position that its debt, or any like it, is an "expense of administration"; the period of "administration" certainly ends no later than the entry of the order of confirmation. On the

other hand, it is clear that the trustee cannot avail himself of the provision in the "arrangement" against borrowing. In the first place, borrowing money is altogether different from buying on credit; consent to the usual terms of doing business was implied in the consent to do business at all. But even more conclusive is the circumstance that, as the business was conducted by the creditors, it was they who gave the credits, and they certainly may not now assert against those of whom they bought that the promises they made were invalid because of a provision in the "arrangement" obviously designed only for their own protection.

Order affirmed.