In re INDEPENDENT MACARONI CO., Inc.

No. 75508.

District Court, S. D. New York.

May 14, 1942.

814

J. L. Nicoll, of New York City, for trustee.

Shaine & Weinrib, of New York City, for Arnold H. Litt, claimant.

COXE, District Judge.

This is a petition to review an order of a bankruptcy referee allowing priority to the claim of Arnold H. Litt, under Section 64, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. b.

On January 19, 1940, Independent Macaroni Co., Inc., filed a voluntary bankruptcy petition, and on the same day an order of adjudication was entered and the case was referred to a referee. On February 11, 1940, the bankrupt filed a petition for an arrangement under Chapter XI, 11 U.S.C.A. § 701 et seq. This proceeding was also referred.

The proposed arrangement provided for the payment of 5% in cash to all unsecured creditors. Thereafter, and on March 2, 1940, the referee allowed the debtor to amend its arrangement by increasing the amount to be paid to the unsecured creditors from 5% to 20%, the additional 15% being in three notes of 5% each, payable in six, twelve and eighteen months after the date of the confirmation. Neither the original arrangement, nor the amendment thereof, made any provision for the retention of jurisdiction by the court as provided in Section 357(7).

Copies of the amended arrangement were sent to the creditors; the initial meeting of creditors, pursuant to Section 334, was held; on March 20, 1940, the debtor applied for confirmation, and on April 26, 1940, an order of confirmation was signed by the referee. This order provided for distribution of the cash and notes, the retention of jurisdiction with respect to the allowance of claims, the restoration to the debtor of all of its property, the discharge of the trustee, and that the court "shall retain jurisdiction until the provisions of the arrangement have been performed."

On October 2, 1940, the referee made an order terminating and closing the proceeding, discharging the receiver and trustee, releasing and remitting to the debtor all property in the custody of the court, and discharging the debtor from all provable debts and claims, except such as were not dischargeable. On October 7, 1940, the referee made his final report to the court and stated that the case was closed.

The second installment note of the debtor, which matured on May 6, 1941, was not paid, and on May 12, 1941, the debtor filed an original voluntary petition for reorganization under Section 128 of Chapter X, 11 U.S.C.A. § 528, which was given a separate file number in the court records. This petition, which was executed by the claimant, Arnold H. Litt, as assistant secretary, stated that relief under Chapter XI, 11 U.S.C.A. § 701 et seq., was inadequate, and that "Approximately a year ago, the debtor had effected an arrangement under Chapter XI of the Bankruptcy Act, and in view thereof, a new proceeding under Chapter XI would be inadequate since the debtor would not be able to secure a discharge in bankruptcy and for the further reason that the debtor would not be able to affect the rights of secured creditors in a proceeding under Chapter XI". The debtor was continued in possession, and the proceeding was referred to the same referee as special master.

Subsequently, a creditor moved for the dismissal of the Chapter X, 11 U.S.C.A. § 501 et seq., proceeding, and on July 1, 1941, an order was entered by one of the judges of this court, upon the consent of the attorneys for the debtor and the attorney for the moving creditor, which recited the filing of the petition under Chapter XI, the nomination of the trustee, the confirmation of the arrangement, the retention of jurisdiction until the consummation of the plan, and the default of the debtor, and which provided for the dismissal of the reorganization petition under Chapter X, and "that an order be entered adjudicating the debtor, bankrupt, by the referee herein, and that the tentative trustee be directed to qualify and liquidate the estate".

On July 2, 1941, the referee entered an order adjudicating the debtor a bankrupt, appointing the "tentative trustee" as trustee, and directing him to qualify and administer the estate. This order was given the docket number of the Chapter X proceeding, but the caption stated that it was "In Proceedings for Arrangement Under Chapter XI". The "tentative trustee" qualified, and is now administering the estate.

Arnold H. Litt, assistant secretary of the bankrupt, filed a claim for $26,647.67, representing unpaid salary of $275 for the period

from July 1, 1940, to September 21, 1940, and a balance of $26,372.67 on account of monies advanced to the bankrupt between May 31, 1940, and February 4, 1941. This claim was asserted as "An administration expense incurred by the debtor-in-possession under Chapter XI, while the debtor was operating its business under the jurisdiction of the court". The trustee objected to the claim, and, at a hearing before the referee, the claimant voluntarily reduced the amount to $25,647.67. The claim was thereupon allowed by the referee as a priority debt under Section 64, sub. b, on the authority of Vogel v. Mohawk Electric Sales Co., 2 Cir., 126 F.2d 759. The trustee does not dispute the amount of the claim, but challenges the ruling of the referee that the claim is entitled to priority.

■ Section 368 provides that "The court shall retain jurisdiction, if so provided in the arrangement". Section 357(7) provides that an arrangement may include "provisions for retention of jurisdiction by the court until provisions of the arrangement, after its confirmation, have been performed". The order confirming the arrangement provided for the retention of jurisdiction "until the provisions of the arrangement have been performed". This provision of the order was unauthorized if it meant that jurisdiction was to be retained until the installment notes were fully paid, as no such provision was contained in the arrangement. Vogel v. Mohawk Electric Sales Co., supra. Cf. Matter of New Era Housing Corporation, D.C., 117 F.2d 569. Consolidated Gas Elec. L. & P. Co. v. United Rys. & Electric Co., 4 Cir., 85 F.2d 799, certiorari denied 300 U.S. 663, 57 S.Ct. 493, 81 L.Ed. 871. Moreover, it is doubtful whether the court intended by the language used to do more than to retain jurisdiction during the consummation of the arrangement, that is, until the provisions for the initial cash payment, the delivery of the notes, and the turning back of the property were performed.

The notes provided for in the arrangement were distributed, and the arrangement was otherwise consummated; and after the filing by the trustee, who was also the distributing agent, of an accounting showing distribution in accordance with the terms of the order of confirmation, the referee entered a final decree closing the estate under Section 372, and discharging the receiver and trustee. The referee then, in accordance with local Bankruptcy Rule 25, and Section 39, sub. a(10), 11 U.S.C.A. § 67, sub. a(10), certified the record to the court, and declared the case closed. The finality of this procedure seems to have been recognized by the debtor and the claimant by the filing of the Chapter X petition, which was executed by the claimant as assistant secretary of the debtor.

■ The order of adjudication made by the referee on July 2, 1941, was bad. Aside from the fact that an order of adjudication in the Chapter XI proceeding was unnecessary inasmuch as such an order had already been entered on January 19, 1940, the court had not retained jurisdiction, and the closed Chapter XI proceeding had not been reopened as provided in Section 2, sub. a(8), 11 U.S.C.A. § 11, sub. a(8). Furthermore, an order cannot be entered under Section 377(1) dismissing a Chapter XI proceeding and directing that bankruptcy be proceeded with, except "upon hearing after notice" to the creditors. 8 Collier on Bankruptcy, 14th Ed., p. 1394.

■ If the estate is being administered as a result of an order of adjudication entered in the Chapter X proceeding, priorities in such proceeding will be governed by Section 64, sub. a, and not by the provisions giving priorities in the former Chapter XI proceeding. In re James Butler Grocery Co., 2 Cir., 100 F.2d 376.

The case is not controlled by Vogel v. Mohawk Electric Sales Co., supra. There, the arrangement provided that the court retain jurisdiction over the debtor and its assets until the last installment payment was made. In that case, too, a creditor's committee after confirmation "took charge of the business and continued it in the debtor's name; and, while doing so, bought necessary supplies in the debtor's name from the creditor" which asserted the claim for priority. Finally, the Circuit Court of Appeals held that "consent to the usual terms of doing business", which included the buying on credit, "was implied in the consent to do business at all" [126 F.2d 762].

■ The claim is not entitled to priority under Section 64, sub. b, nor is it an administration expense. The petition to review is, therefore, sustained, and the order of the referee reversed.