## In re IRVING ELECTRICAL SUPPLY CO., Inc.

### No. 73517.

District Court, S. D. New York.
June 16, 1942.

See, also, 41 F.Supp. 16.

Harry Le Roy Schulman, of Brooklyn, N.Y., for claimants G. & G. Electric Supply Co. Inc., Irving Grossman, and Jerome Hertz.

Abraham J. Multer, of New York City, for trustee.

BRIGHT, District Judge.

Petitions are presented by G. & G. Electric Supply Co., Inc., Irving Grossman and Jerome Hertz, each for a review of an order made by the referee denying the application of each petitioner for an order directing the filing of his claim and allowing the same as an administration or priority claim herein.

The petitioners sold and delivered merchandise to the bankrupt during the time that it was conducting its business under an arrangement pursuant to Chapter XI of the Bankruptcy Law, 11 U.S.C.A. § 701 et seq. The bankrupt, however, failed to comply with the terms of the arrangement after its confirmation, and on January 10, 1940, the bankruptcy was reinstated and liquidation directed pursuant to Section 377 of the Bankruptcy Act, 11 U.S.C.A. § 777. The first meeting of creditors was held on January 23, 1940, when a trustee was elected.

The G. & G. Electric Supply Co., Inc., attempted to file its claim on November 7, 1940, but it was refused, and on November 19, 1940, made formal application to the referee for an order directing the filing of its claim and its allowance. The other two petitioners on May 20, 1941 made a similar application. The referee denied all three applications upon the ground that the time within which to file claims had expired, and of his order the present review is sought.

None of the petitioners has ever filed a claim, and it seems to be undisputed that the determination of their motions was held in abeyance pending the outcome of an appeal taken to the Circuit Court of Appeals in this circuit, from an order of the referee denying the trustee's motion to expunge a similar claim of another creditor. That appeal was decided on March 17, 1942. Vogel v. Mohawk Electric Sales Co., 2 Cir., 126 F.2d 759.

In that proceeding, the Mohawk Company, which also had furnished merchandise to the bankrupt during the time the business was being conducted under the arrangement, had filed its claim and the trustee sought to expunge it insofar as it claimed priority. That case decided that the claim was a provable one, was entitled to priority of payment, but was not an expense of administration. The question of whether or not the claim was timely filed was not raised or decided.

The trustee opposing the present petitions for review cites Hi-Flier Mfg. Co. v. Haberman, 2 Cir., 115 F.2d 918, as decisive. The debt there involved was not incurred during the period when the bankrupt was operating under an arrangement, but had been incurred before the bankruptcy. It was held that after an adjudication of bankruptcy following proceedings for an arrangement, claims must be filed within three months of the first date set for the meeting of creditors, as provided by Section 355 of the Bankruptcy Act, 11 U.S.C.A. § 755, and that a claim offered more than three months after the first meeting of creditors, but within six months after the initiation of the proceeding, as required by Section 57 sub. n, 11 U.S.C.A. § 93, sub. n, was too late.

The question is, Does the fact that the debt was incurred while the bankrupt was operating under the arrangement distinguish these claims from the last-cited case? These claims, were they properly filed, would be entitled to the priority granted by Section 64 sub. b, 11 U.S.C.A. § 104, sub. b. The petitioners claim, however, there is no limitation in which to file claims of the nature asserted by them, except as may be fixed by an order limiting the time for the filing of such claims. They take the position that such obligations are really different from any of the claims specified in the Bankruptcy Act. But in this I think they are mistaken. The Mohawk case has already ruled that they are not an administration expense. A reading of the various provisions of the Bankruptcy Act does not convince me that the situation here can be distinguished from the decision in Hi-Flier Mfg. Co. v. Haberman.

Section 355 provides that upon the entry of an order directing that the bankruptcy be proceeded with, only such claims as are provable under Section 63, 11 U.S.C.A. § 103, shall be allowed (and the claims here are not so provable), and except as provided in Section 354, 11 U.S.C.A. § 754 (which also does not apply to these claims), claims "not already filed may be filed within three months after the first date set for the first meeting of creditors." This section is in no way ambiguous and the petitioning creditors have failed to comply with it.

The petitions to review are, therefore, overruled, and the referee's order confirmed.